### FISHBURNE v. MINOTT.

1. INJUNCTION.—MOTION TO CHANGE VENUE being granted, a stay of proceedings in original Court follows as necessary result, and it is not necessary to incorporate that in notice of motion.

2. VENUE—CHAMBERS—WAIVER—ANSWER.—MOTION to change venue because the action is brought in wrong county may be made before Judge at chambers on four days' notice. The law does not fix the time when such a motion should be made, but it should be made without unnecessary delay and before doing anything that may amount to a waiver. It may be made before answer.

3. IBID.—PUBLIC OFFICER.—An action against a public officer for an act done by him in virtue of his office *must* be tried in the county in which the cause of action or some part thereof arose, subject to power of Court to change venue. The fact that some of the officer's codefendants lived in a county other than the one in which the cause of action arose does not give the right to bring the action in such county.

Before DANTZLER, J., Dorchester, September, 1904. Affirmed.

Action by Julian Fishburne against Harriott K. Minott *et al.* From order changing venue and staying proceedings in Dorchester County, plaintiff appeals.

*Mr. Fishburne,* for himself, cites: *Notice of this motion should have been ten days:* Code 1902, 2735.

*Messrs. Buist & Buist,* contra (oral argument).

November 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appeal in this case is from an order of Judge Dantzler, dated September 26, 1904, granted at chambers, on the motion and affidavit of defendant, G. Herbert Sass, changing the place of trial from Dorchester County, where the action was commenced, to Charleston County, providing for the transfer of all the papers filed in

Dorchester County, and staying all other proceedings of the Court for Dorchester County.

The appellant in his first exception contends that the order was erroneous, because no notice of a motion to stay proceedings was given. This is without merit, as notice was given to change the place of trial, and, that being granted, a stay of proceedings in Dorchester County followed as a necessary result.

In his second exception, appellant contends that the affidavit upon which the order was based does not show that a fair and impartial trial cannot be held in Dorchester County. That is true, but the notice was not based upon that ground, and no suggestion of that ground was made anywhere.

The third exception alleges that the notice of the motion was insufficient, and that it should have been given ten days to be heard before a Judge sitting in regular term, not at chambers. This exception is, no doubt, based upon sec. 2735 of the Civil Code, which requires ten days notice of a motion to change the venue on the ground that a fair and impartial trial cannot be had in the county where the action was commenced, and that the application must be made to the Judge sitting in regular term. But the motion in this case, as already said, was not made on that ground, and is not governed by sec. 2735, Civil Code, but by sec. 147, Code of Civil Procedure, and by sec. 403 of said Code. Section 147 provides that the Court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change."

Sec. 403 provides that when a notice of a motion is necessary, it must be served four days before the time appointed for the hearing.

As the motion was not made on the ground stated in subdivision 2 above, no occasion arises in this case to notice the seeming conflict between section 147 of the Code of Procedure and section 2735 of the Civil Code.   The notice of motion herein having been served on September 17, 1904, for the hearing thereof on September 23, 1904, was sufficient.   *Willoughby* v. *Railroad Co.,* 46 S. C., 320, 24 S. E. R., 308; *McFail* v. *Barnwell,* 54 S. C., 370, 32 S. E. R., 217. That such an order may be granted by a Judge at chambers is shown in the case of *Utsey* v. *Railroad Co.,* 38 S. C., 399, 17 S. E. R., 141.

The motion was made upon the complaint in this case as well as the affidavit of G. Herbert Sass.   The complaint in the tenth, eleventh and twelfth paragraphs thereof attempts to state a cause of action for damages against G. Herbert Sass, master of Charleston County, and H. A. M. Smith, Julian Mitchell, James Simons, Fidelity and Deposit Company of Maryland, as sureties on his official bond, for his conduct as such in the cases of Harriott K. Minott *v.* Julian Fishburne and Mary E. Lowndes *v.* Julian Fishburne, and that the cause of action arose in Charleston County.   The affidavit shows that the individual sureties on the master's bond all live in Charleston County, and that the defendant corporation has its designated place at Charleston, S. C., and that its agent resides there.

The "Case" does not show expressly that Judge Dantzler based his order on the ground that the county designated for trial in the complaint is not the proper county, but that no doubt influenced his action.   Section 145 of the Code of Civil Procedure provides that an action against a public officer, for an act done by him in virtue of his office, *must* be tried in the county where the cause of action or some part thereof arose, subject to the power of the Court to change the place of trial.   This provision of the Code is imperative, as has been several times decided by this Court, and fully justified the action of Judge Dantzler.

The fact that defendants, Harriott K. Minott and Mary

E. Lowndes, reside in Dorchester County, does not affect this question, as section 146 of the Code is expressly subject to the imperative provision of section 145. In so far as the action is against defendant, Sass, and the sureties on his official bond, this defendant resides, and the cause of action arose in Charleston County. The Judge may have also been influenced by the consideration that the convenience of witnesses and the ends of justice would be promoted by the change, but it is unnecessary to seek to sustain his order on that ground.

The fourth exception makes the point that no change of place of trial can be ordered before issue joined. The motion was made in this case before answer. In the case of *Willoughby* v. *Railroad Co.,* 46 S. C., 317, 322, 24 S. E. R., 308, this language was used: "The statute fixes no time at which the motion to change the place of trial shall be made. It only provides for such a change when certain facts are made to appear to the satisfaction of the Circuit Judge." This we regard as a correct statement. Originally, section 147, *supra,* was section 149, and contained these words: "If the county designated for that purpose in the complaint be not the proper county, the action may notwithstanding be tried therein, unless the defendant before the time for answering expire, demand, in writing, that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the Court, as is provided in this section." Under this provision, it was necessary to make the motion before answering. But by the act of 1879, 17 Stat., 14, the above quoted words were stricken out, thereby enabling a party to make such a motion after answering. Still the right to make such motion before answering is not denied or affected by any statute. There might be some reason for holding that when such motion is made upon the ground that a fair and impartial trial cannot be had, or that the convenience of witnesses and the ends of justice would be promoted by a change of venue, a Court would be justified in declining to

hear such motion until, by the joining of issue, it should appear that there would be a trial, and some cases might be cited from other jurisdictions to that effect, but there is no reason whatever, in the absence of a statute denying the right, to hold that such a motion is premature before answer when the ground of the motion is that the action is not brought in the proper county. The general rule that should govern in all cases is that the motion should be made without unnecessary delay, and before doing anything that should amount to a waiver of the right. 4 Ency. Pl. & Pr., 421. See, also, *McNair* v. *Tucker,* 24 S. C., 107.

The remaining exceptions, in so far as they raise any material question, are controlled by what has been already determined.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*