14843

WARREN v. SMITH *ET AL.*

(1 S. E. (2d), 900)

*Messrs. Paul T. Chance, Brown & Watts* and *Thos. M. Boulware,* for appellant,

*Messrs. Inman Curry* and *Williams & Busbee,* for respondents,

March 15, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The plaintiff-appellant lives in Colleton County, South Carolina. The defendant-respondent, Robert L. Smith, lives in Aiken County, South Carolina, and his co-defendant-respondent is a foreign corporation and maintains a resident agent with office in Barnwell County, South Carolina, for the transaction of its business.

The Transcript of Record before this Court is a brief complaint, notice of a motion to transfer the case from Barnwell County to Aiken County, the county where the respondent Smith resides, because of such residence in Aiken County; and the order of Judge Dennis transferring the case for trial from Barnwell to Aiken County, in which the reason for transferring the case is stated, as follows: "It seems to me that the right of a defendant to be sued in the county of his residence is a substantial right. None of the parties live in Barnwell County nor did the cause of action arise in that county."

The order appealed from also contains a statement of an agreement between litigants, which we set out below: "It is agreed between the parties that the respondents neither answered nor demurred, it being agreed that twenty days be allowed respondents after the filing of the Judge's order to plead to the complaint herein; it is now further agreed that respondents shall have twenty days after the filing of any order disposing of this case on appeal in which to plead, as they may see fit, to the complaint herein."

The exception of appellant is as follows: "That his Honor erred in not holding that the defendant corporation had established a legal residence in Barnwell County, by having an office and agent in said county for the transaction of its business, and, the cause of action being against the defendants jointly, the plaintiff had a right to maintain the action in Barnwell County where it was brought."

We are not passing upon the jurisdiction of the South Carolina Courts; nor whether the complaint states a cause of action; nor the nature of the cause of action, if any, stated. We confine our decision to the sole issue before the Court at this time—that is, the proper venue of an action between the parties to this suit. Stated in another way, and following the statement of an identical issue in the case of *Tucker v. Ingram et al., Tucker v. Pure Oil Co. of the Carolinas,* 187 S. C., 525, 198 S. E., 25, 27; Was the trial Judge in error in changing the place of trial from Barnwell County to Aiken County where it appears the personal defendant is a resident of Aiken County, when the corporate defendant, a non-resident of South Carolina, maintains an office and agent in Barnwell County for the transaction of its business?

Convenience of witnesses is not a question involved.

The issue herein appears to have been definitely settled against respondents by the *Tucker-Ingram case, supra.* We quote from the opinion in that case, prepared by that eminent lawyer and jurist, the Honorable L. D. Lide, Acting Associate Justice:

"* * * While formerly there was indeed some confusion in the decisions, we think the law has been settled against the view of the appellants by the sound and correct decision in the case of *Campbell v. Mutual Benefit Health & Accident Association,* 161 S. C., 49, 159 S. E., 490, cited by Judge Bellinger, where the Court says (page 491): 'If a foreign corporation, whether or not domesticated, having an agent and office for the transaction of business in a particular county, is sued in that county with a resident of another county of the state, the cause may be properly tried in the county in which the action was brought. If the foreign corporation is sued in a county where it has no agent or place of business, along with a co-defendant who is resident of another county of the State, the place of trial should be changed to the county of the residence of the codefendant. We have no statute (Mr. Justice Cothran's

opinion in *Bass v. American Products Exp. & Imp. Corp.*, 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168), stating plainly our conclusions. We have gathered them from the decisions of this Court on the subject, particularly including those to which we have referred.'

"The later decision of *Halsey v. Minnesota-South Carolina Land & Timber Company*, 168 S. C., 18, 166 S. E., 626, is so clearly distinguishable from the *Campbell case*, for the reasons stated by Judge Bellinger, that we do not deem it necessary to give it any special consideration.

"Section 422, Code, 1932, provides with reference to such an action as those involved in these appeals that the same may be tried in any county in which one or more of the defendants resides at the time of the commencement of the action. And, as the *Campbell case* definitely shows, a foreign corporation establishes a residence for venue purposes by having an office and agent in the county for the transaction of business notwithstanding a foreign corporation is ordinarily deemed a non-resident of the State. The contention of the appellants that the line of old cases so holding may be distinguished because in those cases the corporation had been domesticated is not tenable, as this particular point was specially considered in the *Campbell case*, and the Court held, after reviewing the authorities, that domestication was irrelevant."

The order appealed from is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.