20085

C. H. HEDGEPATH, Respondent, v. STANLEY HOME PRODUCTS, INC., and Twin City Fire Insurance Company, Appellants

(217 S. E. (2d) 782)

*Messrs. Charles N. Plowden, Jr.,* and *Lawrence B. Orr,* of *Richardson, Plowden and Grier,* Columbia, *for Appellants,* cite:

*Furman R. Gressette, Esq.,* of St. Matthews, *for Respondent,* cite:

August 20, 1975.

BUSSEY, Justice:

This is a workmen's compensation proceeding arising out of an accident in which one Bessie C. Hedgepath met her death in Orangeburg County on March 30, 1973. She allegedly was an employee of the appellant, Stanley Home Products, Inc., which concern denied that she was an employee asserting, *inter alia,* that she was an independent contractor.

From an award of death benefits by the Industrial Commission the asserted employer and its carrier appealed to the Court of Common Pleas for Richland County. At a hearing on such appeal before the Honorable Robert W. Hayes, Presiding Judge of the 5th Judicial Circuit, the respondent orally moved to dismiss the same asserting that the court had no jurisdiction to hear such appeal under the provisions of section 72-356 of the 1962 Code of Laws, which section in pertinent part reads as follows:

"Either party . . . may . . . appeal . . . to the court of common pleas of the county in which the alleged accident happened, or in which the employer resides or has his principal office . . ."

Admittedly the accident did not happen in Richland County and the appeal to the Common Pleas Court in Richland County was proper only if Stanley had its principal office there, within the contemplation and meaning of the code section. The lower court held that Stanley did not have its principal office in Richland County and accordingly dismissed the appeal for lack of jurisdiction. The appeal here is from such order.

From the record it appears that Stanley is a corporation with its home office in Westfield, Massachusetts. It has several branch sales offices in South Carolina, one of which was located in the County of Richland. Bessie C. Hedgepath, a resident of Lone Star, in Calhoun County, had been connected with Stanley for some 20 years and locally she dealt with Stanley's branch office in Richland County, attending weekly sales meetings, etc. at that office. The record contains her wage and tax statements, forms W-2, for the years 1971 and 1972. These show Mrs. Hedgepath as an employee, and that her employer was Stanley Home Products, Inc., 33 Weston Avenue, Westfield, Massachusetts.

No decision of this Court has been cited in which the term "principal office" has been defined. Numerous other courts have had occasion to define the term and generally define such substantially as follows:

"The principal office of a corporation is its headquarters, or the place where the chief or principal affairs and business of the corporation are transacted."

See cases collected in 33A Words and Phrases 308, *et seq.* We conclude from the record that the principal office of Stanley is located in Westfield, Massachusetts and not in Richland County, South Carolina, and hence the appeal was not to the court of common pleas in a county provided for in the pertinent code section.

The appellants assert, however, that in any event code section 72-356 is not jurisdictional, and that it only controls venue of appeals from the Industrial Commission; that accordingly the lower court instead of dismissing the appeal, for lack of jurisdiction, should have transferred the appeal to the Court of Common Pleas for Orangeburg County, in which county the accident happened.

Appellants and respondent cite cases from other jurisdictions dealing with whether appeal statutes in those jurisdiction are, or not, jurisdictional. Such decisions are, how-

ever, not really helpful in resolving the issue. In arguing that our code provision should not be construed as jurisdictional, the appellants place reliance upon Article 1, section 22 of the Constitution of South Carolina asserting that such provides a constitutional right to judicial review of the decisions of the Industrial Commission. Conceding the soundness of their premise as to such constitutional right, the short answer to their contention is that the Constitution does not guarantee to one the right of the choice of a court in seeking judicial review. The controlling code section afforded the appellants the right to review guaranteed by the Constitution.

We are satisfied that the trial court correctly held that it did not have jurisdiction over the subject matter of this appeal and properly dismissed the appeal. The controlling code section contains no express or implied provision authorizing the trial court to transfer the appeal to a proper county and we are aware of no other authority therefore.

Our venue statutes, Title 10, Chapter 4 of the code, fixing the place of trial of various civil actions, have been consistently construed by this Court as being jurisdictional. Code section 10-310 clothes the court with jurisdiction to change the place of trial when an action is not brought in the proper county. The cases cited in the Annotation to this section are to the effect that the court has no jurisdiction of an action brought in the wrong county; that it has jurisdiction only to change the place of trial to the proper county, which limited jurisdiction is expressly conferred by code section 10-310. See especially the cases of *Langford v. State Board of Fisheries,* 217 S. C. 118, 60 S. E. (2d) 59 (1950) and *Fishburne v. Minott,* 72 S. C. 572, 52 S. E. 646, 647, wherein the legislative history of what is now code section 10-310 was discussed.

Here the Court of Common Pleas of Richland County had no jurisdiction over the appeal, and the statute did not, expressly or impliedly, confer upon

it even the limited jurisdiction or authority to transfer the same to Orangeburg County. The appeal was therefore properly dismissed.

Affirmed.

Moss, C. J., and Lewis, Littlejohn and Ness, JJ., concur.