20342

Robert A. LUCAS and Patricia Lucas, Respondents, v. ALANTIC GREYHOUND FEDERAL CREDIT UNION and Auto Recovery Bureau, Inc.. Appellants.

(231 S. E. (2d) 302)

*Walter B. Todd, Jr., Esq.,* of Columbia, *for Appellants,*

*E. Ellison Walker, Esq.,* of Columbia, *for Respondents,*

January 10, 1977.

RHODES, Justice:

The plaintiffs (husband and wife) brought suit in Kershaw County against the two corporate defendants, alleging conversion and breach of the peace in the repossession of two automobiles. The case was tried before a jury and a verdict was rendered for the plaintiffs. Prior to the trial of this case the defendant, Auto Recovery Bureau, Inc., moved for a change of venue from Kershaw County to Richland County under S. C. Code § 10-303 (1962) and S. C. Code § 10-421 (1975 Cum. Supp.). This motion was denied by the trial judge. The defendants appeal the denial of this motion. They also except to the sufficiency of the evidence to support the verdict, but in view of our conclusion that the judgment must be reversed and the cause remanded on the venue question, the second exception is not reached in this opinion.

From the evidence presented to the trial judge, the following facts stand uncontradicted: that the defendant, Auto Recovery Bureau, Inc., is a South Carolina corporation with its principal place of business in Richland County; that it has not at any time had a place of business or office in Kershaw County, nor has it owned any real property in Kershaw County; that the defendant, Atlantic Greyhound Federal Credit Union, is a foreign corporation; that the plaintiffs are residents of Kershaw County; and that the incident out of which the cause of action herein arose occurred in Kershaw County.

Section 10-303 reads as follows:

*"Actions to be tried in county where defendant resides.—* In all other cases the action shall be tried in the county in which the defendant resides at the time of the commence-

ment of the action. *If there be more than one defendant then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action.* If none of the parties shall reside in the State the action may be tried in any county which the plaintiff shall designate in his complaint. This section is subject however to the power of the court to change the place of trial in certain cases as provided by law." [emphasis added].

This Court has held in many decisions that the right of a defendant in a civil action to trial in the county of his residence is a substantial one. *Peeples v. Orkin Exterminating Co.,* 244 S. C. 173, 135 S. E. (2d) 845 (1964); *Deese v. Williams,* 236 S. C. 292, 113 S. E. (2d) 823 (1960). This right is possessed by both individuals and domestic corporations. *Peeples v. Orkin Exterminating Co., supra; Thomas and Howard Co. of Conway v. Marion Lumber Co.,* 232 S. C. 304, 101 S. E. (2d) 848 (1958). Furthermore, this Court has held that if a foreign corporation is sued in a county where it has no agent or place of business, along with a codefendant who is a resident of another county of the State, venue should be changed to the codefendant's residence. *Warren v. Smith,* 190 S. C. 8, 1 S. E. (2d) 900 (1939); *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25 (1938); *Campbell v. Mutual Benefit Health and Acc. Ass'n.,* 161 S. C. 49, 159 S. E. 490 (1931). The residence of a defendant domestic corporation has been held to be (1) the county where its principal place of business is fixed by its charter, or (2) any county where it has and maintains a place of business or an agent engaged in conducting and carrying on the business for which it exists. *Morris v. Peoples Baking Co.,* 191 S. C. 501, 5 S. E. (2d) 286 (1939). Under this test, and within the limits of the meager evidence before us, we conclude that the defendant, Auto Recovery Bureau, Inc., is a resident of Richland County only. Therefore, venue should have been changed from Kershaw County to Richland County as to both defendants.

Moreover, the corporate defendants in this action are not suable in Kershaw County under S. C. Code § 10-421 (1975 Cum. Supp.).[1] The requirement of this section is that any domestic or foreign corporation must (1) own property *and* (2) transact business in a specific county before jurisdiction shall be conferred over such corporation in that county. No evidence has been presented that would indicate that either defendant owns property and transacts business in Kershaw County, as these terms have been defined. (See annotation of cases under Section 10-421, vol. 2 of Code of Laws, 1975 Cum. Supp., pp. 58-60.)

The lower court stated in its Order that granting this motion is discretionary. This is a misapprehension of the law. If the motion to change venue were predicated on the ground of convenience of witnesses and the promotion of justice, it might be said that the motion was addressed to the discretion of the court. However, where, as here, the motion is based upon the ground that a particular county is the residence of the defendant, and the facts are uncontradicted, then the matter is a question of law. *Shelton v. Southern Kraft Corporation,* 195 S. C. 81, 10 S. E. (2d) 341 (1940). The motion before the trial judge was brought basically under Section 10-303. There was neither a motion nor evidence presented to the trial judge which would permit consideration or application of S. C. Code § 10-310 (1962)[2], as argued by the respondents.

---

[1] § 10-421. *How summons served on corporations generally.*—If the suit be against a corporation, the summons shall, except as otherwise expressly provided, be served by delivering a copy thereof to the president or other head of the corporation, or to the secretary, cashier or treasurer or any director or agent thereof; *provided, further,* that, in the case of domestic or foreign corporations, service as effected under the terms of this section shall be effective and confer jurisdiction over any domestic or foreign corporation in any county where such domestic or foreign corporation shall own property and transact business, regardless of whether or not such domestic or foreign corporation maintains an office or has agents in that county.

[2] This section permits the court to change the place of trial for the convenience of witnesses and the promotion of the ends of justice.

The order appealed from is reversed, and this case is remanded for the entry of an order changing the venue from Kershaw County to Richland County.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.