20643

TRIANGLE AUTO SPRING COMPANY, Appellant, v. Richard A. GROMLOVITZ, Nelson Marks, and Metalcraft, Inc., Respondents.

(242 S. E. (2d) 430)

*C. Ansel Gantt, Jr.,* of Columbia, *for Appellant,*

*Hammond A. Beale,* of Columbia, *for Respondent,*

March 16, 1978.

RHODES, Justice:

This is an appeal by Triangle Auto Spring Company (Triangle) from an order of the lower court vacating a confession of judgment enrolled in Richland County against the respondents, who are residents of Lexington County. The lower court held that a confession of judgment must initially be enrolled in the debtor's county of residence and thus, in this case, had been improperly entered in Richland. We disagree and remand for reinstatement of the judgment against respondents.

The confession of judgment which is the subject of this action and a promissory note in favor of Triangle were executed by Richard A. Gromlovitz, Nelson Marks and Metalcraft, Inc., the respondents, as consideration for the cancellation of a default judgment. This default judgment had been previously obtained against Metalcraft in an action brought by Triangle for the collection of an open account. The confession of judgment authorized the appellant to enter judgment thereon in the event of default on the promissory note. The affidavit accompanying it, which was likewise signed by the respondents, specifically authorized the Clerks of Court for both Richland and Lexington Counties "to enter up this Confession of Judgment upon presentation by the Plaintiff [Triangle]."

When the respondents subsequently defaulted on the promissory note, the confession of judgment was initially enrolled in Richland County. It was subsequently transcribed and entered in Lexington County.

The respondents brought the present action in the Richland County Court to have the judgment enrolled in that county vacated. This relief was granted by the lower court and this appeal followed.

The rule applicable to the enrollment of judgments by confession in this State was set out in *Ex Parte Ware Furniture,* 49 S. C. 20, 27 S. E. 9 (1897) wherein it was stated:

"Judgments by confession are in no wise exempt from the rule applicable to other judgments that, to be valid, they must be entered in the court having jurisdiction over the subject matter of the action. Though no adjudication is in fact required in entering a judgment of confession without action, yet it has all the qualities, incidents, and attributes of other judgments, *and cannot be valid unless entered in a court which might have legally pronounced the same judgment in a contested action.*"

27 S. E. at 12 (quoting other authority) (emphasis the Court's).

In arguing for affirmance of the vacation of judgment, the respondents contend the confession of judgment could not be entered initially in Richland County because a court sitting in that county would not have subject matter jurisdiction to enter a judgment in a contested action. As the respondents point out, S. C. Code § 15-7-30 (1976) provides that, with the exception of certain actions with which we are not here concerned, an "action shall be tried in the county in which the defendant resides . . . ." Relying on *Ex Parte Ware Furniture, supra,* and *Nixon & Danforth v. Piedmont Mutual Ins. Co.,* 74 S. C. 438, 54 S. E. 657 (1906), the respondents contend that § 15-7-30 is a limitation on the lower court's subject matter jurisdiction. Thus, since it is undisputed that the respondents are all residents of Lexington County, they reason that only a court sitting in such county would have had jurisdiction over a contested action. They further point out that if subject matter jurisdiction is lacking, their consent to the confession of judgment is of no consequence since subject matter jurisdiction is not waivable.[1]

---

[1] Although the respondents are correct that consent has no bearing on the question of subject matter jurisdiction since such jurisdiction is not waivable, consent does have a bearing on the question of juris-

*Ex Parte Ware Furniture, supra,* upon which the respondents rely, is factually similar to the present action. In that case, several judgments by confession had been enrolled in Orangeburg County. The debtor was a resident of Barnwell County. The lower court vacated the judgments and this Court affirmed, noting that a contested action could not have been brought against the debtor in Orangeburg County because, based on the then prevailing interpretation of the predecessor to § 15-7-30, "a judgment in an action begun in a different county from that wherein the defendant resides is a nullity," 27 S. E. at 12.

The above interpretation of the predecessor to § 15-7-30 was reiterated in *Nixon & Danforth, supra,* with the Court stating that "[t]he statute, which commands that a particular action must be tried in a designated county, is a territorial limitation of the court's jurisdiction." 54 S. E. at 658.

Although never expressly overruled, it is clear that *Ex Parte Ware Furniture* and *Nixon & Danforth,* insofar as they hold the right to be tried in the county of one's residence is a non-waivable limitation on subject matter jurisdiction, are no longer the prevailing law. In 1933, *Lillard v. Searson,* 170 S. C. 304, 170 S. E. 449, held that the right of a defendant to be tried in the county of his residence was not a limitation of subject matter jurisdiction and could be waived. This holding was reaffirmed a few years later in *Rosamond v. Lucas-Kidd Motor Co.,* 182 S. C. 331, 189 S. E. 641 (1937) and has been the law of this State since. Under the present state of the law, it is clear

---

diction over the person. Although the respondents do not directly argue the question of personal jurisdiction, they do not concede it and we, therefore, feel compelled to point out that their consent to the confession of judgment was equivalent to a voluntary appearance. A confession of judgment "is essentially a voluntary act; it is a voluntary submission to the jurisdiction of the court, giving by consent and without the service of process what could otherwise be obtained by summons and complaint, and other formal proceedings . . .." 49 C. J. S. Judgments § 134 (1947).

that the right to be tried in the county of one's residence, while it is a "substantial and valuable right", *e. g. Lucas v. Atlantic Greyhound Federal Credit Union,* 268 S. C. 30, 231 S. E. (2d) 302 (1977), relates only to the question of venue and can be waived.

Having disposed of the respondents' contentions as to subject matter jurisdiction, and respondents having waived jurisdiction over the person, it follows that the present judgment was properly enrolled in Richland County. Accordingly, we remand for reinstatement of the judgment vacated by the lower court.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.