20883

Eugene H. MATHIS and James H. Phibbs, d/b/a Newberry Bug Center, Respondents-Appellants, v. A. R. WOOD CORPORATION, Appellant-Respondent.

(252 S. E. (2d) 131)

*Gregg P. Counts,* of *Berry & Berry,* Columbia, *for appellant-respondent.*

*Eugene C. Griffith,* of *Blease, Griffith, Mays, McLellan & Stone,* Newberry, *for respondents-appellants.*

February 13, 1979.

LEWIS, Chief Justice:

Defendant, a domestic corporation with its principal office and place of business in Greenwood County, South Carolina, was sued in the adjoining County of Newberry to recover damages arising from the alleged blocking of access to plaintiff's business property, while defendant was engaged in the installation of water lines in Newberry County under a contract with the City of Newberry. Defendant moved for a change of venue of the action from Newberry to Greenwood County upon the ground that its corporate residence was in Greenwood.

This appeal is from an order of the lower court denying the foregoing motion. The lower court held that venue was properly laid in Newberry County under Section 15-9-210 of the 1976 Code of Laws, which confers "jurisdiction over any domestic or foreign corporation in any county where such . . . corporation shall own property and transact business, regardless of whether or not such . . . corporation maintains an office or has agents in that county." We affirm.

Defendant-appellant concedes it is transacting business in Newberry County, but denies ownership of property in the county within the meaning of Code Section 15-9-210. Therefore, whether or not appellant owned property in Newberry County sufficient to confer jurisdiction over it in that county, within the meaning of this Code Section, is the sole issue to be decided.

The evidence as to appellant's ownership of property in Newberry County consisted of an affidavit offered on behalf of plaintiff-respondent. This affidavit showed that appellant entered into a contract with the City of Newberry, on June 21, 1977, to lay within 270 working days, certain water lines in the City of Newberry for a price of approximately $123,000.00. Work began during the latter part of the Summer of 1977 and continued during the months of August, September, and October.

During the performance of the above contract, appellant maintained in Newberry County approximately six employees and a supervisor, together with various equipment. This property or equipment was maintained in Newberry County continuously during the performance of the contract with the City.

In addition to the above contract, appellant had a contract with the City of Newberry for the installation of a raw water pump station at a cost of approximately $66,000.00. Construction began on this project in January or February 1978 with contemplated completion about July 1978.

It is undisputed that appellant owned property located in Newberry County, but argues that it was transitory in nature and temporarily within the county, thus within the principle that mere temporary ownership of property in a county is not within the meaning of ownership contemplated by Code Section 15-9-210. Appellant relies upon *Brown v. Palmetto Baking Company,* 220 S. C. 38, 66 S. E. (2d) 417 (temporary presence of a delivery truck), and *Hopkins v. Sun Crest Bottling Company,* 228 S. C. 287, 89 S. E. (2d) 755 (rotating bottles and crates in and out of a county in the sale of soft drinks). These cases are not controlling here.

The property or equipment owned by appellant in Newberry County was necessary for the transaction of its business there and, it is inferable, was maintained in Newberry County as long as appellant engaged in business in the county. The fact that the property owned by appellant in the county was personal property and moveable is not controlling. Neither can the property ownership requirement be determined solely by the length of time the property is within the county. Rather, it must be determined in relationship to the necessities of the business transacted in the county. The ownership of property in the county during the period required by appellant to transact its business there met the statutory requirements.

The foregoing principle was applied in *Burris Chemical, Inc. v. Daniel Construction Company,* 251 S. C. 483, 163 S. E. (2d) 618. We there held:

The mobile trailer office and other equipment, admittedly owned by the construction company in Colleton County, and inferentially there during the period of construction, is sufficient to meet the property ownership requirements of Section 10-421 [Section 15-9-210], . . .

We agree with the trial judge that the foregoing facts constitute sufficient ownership of property within Newberry County to meet the requirements of Code Section 15-9-210; and the judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.