21529

In re ASBESTOSIS CASES.

(281 S. E. (2d) 112)

*Daniel B. White* and *James D. Brice,* of Rainey, Britton, Gibbes & Clarkson, Greenville, *for appellant.*

*Terry E. Richardson, Jr.,* of Blatt & Fales, Barnwell, *for respondent.*

July 28, 1981.

LITTLEJOHN, Justice:

In this action concerning asbestosis litigation arising from Barnwell County, defendant Covil Corp. (Covil) appeals the order of the trial judge denying Covil's motion to change venue from Barnwell County to Greenville County.

In our recent decision of *In Re Asbestosis Cases,* S. C., 266 S. E. (2d) 773 (1980), which involved consolidated asbestosis cases filed in Barnwell County prior to November 29, 1978, we addressed this same issue and held that a change of venue to Greenville was required. The present appeal comprises the consolidated abestosis cases filed in Barnwell County between November 29, 1978, and July 25, 1980. The consolidated actions before us now, like the earlier ones, are products liability suits alleging that the plaintiffs, as industrial insulators, were exposed during their various employments to asbestos insulating materials mined, manufactured, and/or sold by the several defendants, resulting in illness or death to the plaintiffs.

All defendants are foreign corporations except Covil, which is located in Greenville, S. C. Covil seeks to change venue from Barnwell County, where the complaints were filed, to Greenville County, where Covil's only place of business is located.

"Venue" refers to the county where the action should be brought. Generally, a defendant in a civil case has the right to be tried in the county of his residence.

*Lucas v. Atlantic Greyhound Federal Credit Union,* 268 S. C. 30, 231 S. E. (2d) 302 (1977). A corporate defendant may have more than one residence. In South Carolina, the residence of a corporate defendant for venue purposes may be established in any of the following locations:

(1) county where a domestic corporation has its principal place of business, *Lucas v. Atlantic Greyhound Federal Credit Union, supra;* or

(2) county where a domestic or foreign corporation maintains an office and agent for the transaction of business, *Lucas v. Atlantic Greyhound Federal Credit Union, supra; Shelton v. Southern Kraft Corp.,* 195 S. C. 81, 10 S. E. (2d) 341 (1940); or

(3) county where a domestic or foreign corporation owns property and transacts business (§ 15-9-210), *Code of Laws of South Carolina* (1976).

Where more than one defendant is involved, as here, venue as to one confers venue over all. § 15-7-30; *In Re Asbestosis Cases, supra.* Therefore, venue is proper in Barnwell County only if at least one of the defendants resides in that county; otherwise, the motion to change venue to Greenville County would be required.

The trial judge denied the motion to change venue upon concluding that three defendants—Covil, North Brothers, Inc., and Johns-Manville—owned property and transacted business in Barnwell and, accordingly, were residents there for venue purposes under § 15-9-210. As an additional basis sustaining venue in Barnwell County, plaintiffs contend that North Brothers also maintained an office and agent in Barnwell County for the transaction of business.

The bulk of the appeal record centers around North Brothers, Inc., and whether it (1) owned property and (2) transacted business in Barnwell County. Covil concedes that North Brothers transacts business, but disputes the trial judge's finding that it also owns property.

The trial judge found that North Brothers owned property in Barnwell County on four independent grounds, as follows: (1) contract with E. I. DuPont Co. (DuPont) for installation of insulation at the Savannah River Plant, located in Aiken, Barnwell, and Allendale Counties; (2) contractual rights from the sale of insulation to DuPont at the Savannah River Plant; (3) contract with the insulation employees union for the Savannah River Plant job, and (4) work performed at Barnwell Mills and the Southern Bell building in Barnwell.

In 1965, North Brothers entered a labor contract with DuPont to

". . . furnish the labor and supervision thereof and do all things necessary for the performance of the thermal insulation labor in connection with construction at the Savannah River Plant required [over the coming year], consisting in general of the work described in DuPont's Invitation to Bid . . ."

Each year since 1965, DuPont has awarded this job to North Brothers in the form of a modification to the original contract; thus, the contract for the October 1979—September 1980 period is denominated "Modification No. 16."

Under this contract, North Brothers' sole responsibility is to provide insulation workers to DuPont. The employees are sent to the DuPont offices in Aiken County, where they are transferred to a work site determined by DuPont. The job sites are situated in Barnwell and Aiken Counties. DuPont specifies the work, and North Brothers supervises the performance. DuPont provides a trailer, located in Barnwell County, as a temporary office for North Brothers' general supervisor. DuPont also provides all necessary tools, materials and equipment. North Brothers owns no tangible property at the Savannah River Plant.

Approximately seventy workers are presently employed by North Brothers for this work. These employees are pro-

vided to North Brothers by the Asbestos Workers Local No. 92 Union of Columbia, S. C., under a contract which sets out the terms of employment.

The labor contract provides that DuPont will pay all proper costs incurred by North Brothers, including employees salaries, payroll taxes, employee benefit plans, and travel expenses. The total costs paid from 1965 through September, 1978, was approximately $2 million. The expected costs from September, 1978, to September 1980, as estimated in the most recent contract modification, will be another $2 million.

The contract further provides that DuPont will pay North Brothers an annual fixed fee. The total fee paid through September, 1978, was about $125,000. The estimated fee for the following two-year period is roughly $70,000.

North Brothers has no obligation under the labor contract to furnish any supplies or materials for the Savannah River Plant job; however, on several occasions it has submitted the low bid for insulation materials needed by DuPont. The materials are shipped by North Brothers to a plant site in Barnwell County. Total sales for the fiscal year 1978-1979, as estimated by North Brothers, exceeded $100,000.

Besides its Savannah River Plant job, North Brothers has also performed periodic insulation work for Barnwell Mills and the local Southern Bell building. The work typically is of short duration, requires only several workers, and is done pursuant to a purchase order, not a written contract. The total value of work for 1979 and the first three months of 1980, as shown on invoices, was between $14,000-$20,000.

Based upon these circumstances, we must decide whether North Brothers was a "resident" of Barnwell County by virtue of its dealings with DuPont, the labor union, Barnwell Mills, and Southern Bell. More specifically, are the contractual rights of North Brothers in Barnwell County suffi-

cient to constitute "ownership of property" for venue purposes under § 15-9-210?

■ It is well-settled in this state that contract rights are property rights for venue purposes. *In Re Asbestosis Cases,* supra. Where a showing of property is based solely on contractual rights, the size, value, and specific nature of the contract(s) must disclose a substantial interest. *In Re Asbetosis Cases, supra.* Moreover, the property interest within the county must be continuous and permanent in nature, and not transitory. *Lott v. Claussens, Inc.,* 251 S. C. 478, 163 S. E. (2d) 615 (1968); *Peeples v. Orkin Exterminating Co., Inc.,* 244 S. C. 173, 135 S. E. (2d) 845 (1964); *Hopkins v. Sun Crest Bottling Co.,* 228 S. C. 287, 89 S. E. (2d) 755 (1955). The requirement of permanency must be evaluated in relationship to the necessities of the defendant's business transaction(s) in the county. *Mathis v. A. R. Wood Corp.,* 272 S. C. 388, 252 S. E. (2d) 131 (1979).

■ Applying the above law to the facts herein, we think that North Brothers' contractual rights in Barnwell County constitute "ownership of property" for venue purposes under § 15-9-210. The pecuniary interest in the DuPont labor contract alone is substantial, especially considering the increase in costs, fixed fee, and number of needed employees during the general period immediately preceding and following the time this suit was filed. The permanency and continuity of these contractual rights and interests is clearly established by the obvious fact that North Brothers has been awarded the contract every year since 1965. Even if the contract is technically viewed as a year-to-year agreement, we think that a single year's performance under this contract would satisfy the required degree of continuity. Finally, we are aptly satisfied that the contractual interest created by the labor contract directly touches and concerns Barnwell County. The fact that the contract refers to "Savannah River Plant, *Aiken, South Carolina*" is

not controlling. While the main administrative office is located in Aiken County, a map submitted in the record shows that the major portion of the Savannah River Plant property is situated in Barnwell County, on which appears to be located many of the plant's facilities. A North Brothers' employee submitted an affidavit that he had worked on the Savannah River plant job continuously since 1965, that he served as superintendent of North Brothers' employees from 1965-1978, and that a substantial portion of his work was performed in Barnwell County. Moreover, the delivery site for insulation materials and the office provided for North Brothers' general supervisor were both located in Barnwell County. The union contract and work performed at Barnwell Mills and the Southern Bell building add support to our finding of a sufficient property ownership, although their independent value towards this requirement is questionable.

Because we have determined that the DuPont labor contract gives North Brothers a substantial and continuous property interest in Barnwell County, and because Covil concedes that North Brothers transacts business there, we hold that the trial judge correctly concluded that North Brothers was a resident of Barnwell County under the venue provisions of § 15-9-210. Therefore, we need not address the remaining contested grounds for denying Covil's change of venue motion.

For the foregoing reasons, the order of the trial court is hereby

Affirmed.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

NESS, J., not participating.