22266

Louise A. CHITTY, Respondent, v. ALLIED CHEMICAL COMPANY and Travelers Insurance Company, Appellants.

(328 S. E. (2d) 476)

Supreme Court

*F. Earl Ellis, Jr.*, of *Nauful & Ellis*, Columbia, *for appellants.*

*F. David Butler*, Columbia, *for respondent.*

Submitted Jan. 23, 1985.

Decided March 27, 1985.

CHANDLER, Justice:

This is a Worker's Compensation case in which Respondent Louise A. Chitty (Chitty) filed in Richland County Circuit Court an appeal from an adverse ruling of the Industrial Commission.

Appellants Allied Chemical Company (Allied) and Travelers Insurance Company (Company) moved to dismiss on grounds of lack of jurisdiction. From an order of the Circuit Judge denying the motion Allied and the Company appeal.

We reverse.

The parties agree that (1) Chitty's injury occurred in Lexington County, and (2) that Allied's principal place of business is in Lexington County.

The controlling statute is S. C. Code Ann. § 42-17-60 (1976 & Supp. 1983) which reads in part:

> But either party to the dispute may ... appeal from the decision of the Commission to the Court of Common Pleas of the county in which the alleged accident happened, or in which the employer resides or has his principal office.
> . . .

The Circuit Judge held the statute to be not jurisdictional but venue in nature and transferred the appeal to Lexington. We disagree.

This precise question has been decided in *Hedgepath v. Stanley Homes*, 265 S. C. 248, 217 S. E. (2d) 782 (1975). There the employer filed in Richland County an appeal from an award of benefits for the death of an employee killed in Orangeburg County.

Here, as in *Hedgepath*, we hold the Circuit Court of Richland County had no jurisdiction over the appeal and lacked even limited jurisdiction or authority to transfer it to Lexington County.

Reversed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.