22712

Josephine E. WILLIAMS, Appellant v. SOUTH CAROLINA DEPART-
MENT OF WILDLIFE and State Workers' Compensation Fund,
Respondents.

(367 S. E. (2d) 418)

Supreme Court

*Donald E. Jonas,* Columbia, *for appellant.*

*E. Ros Huff, Jr. of State Workers' Compensation Fund,*
Columbia, *for respondents.*

Heard Feb. 17, 1987.

Decided April 27, 1987.

Rehearing Denied Sept. 28, 1987.

NESS, Chief Justice:

This is an appeal from an order dismissing appellant
Williams' petition for judicial review of a decision of the
Industrial Commission. We affirm.

Williams was employed as a marine biologist with the
Department of Wildlife in Charleston. In 1983, she filed a
claim for workers' compensation benefits, alleging the pro-
longed immersion of her hands and feet in cold water had
caused total and permanent disability because of damage to

her vascular system. The single commissioner denied compensation, finding the injury did not arise out of and in the course of Williams' employment and also that Williams had not timely filed her claim. The full Commission affirmed in a split decision.

Williams filed a petition for judicial review in Fairfield County, where she had moved after terminating her employment. The Department moved to dismiss, alleging the petition was filed in the wrong county and also that it did not meet the requirements of the Administrative Procedures Act. The trial judge granted the motion on both grounds. We granted Williams' petition to argue against the precedent of *Chitty v. Allied Chemical Co. and Travelers Insurance Company*, 285 S. C. 106, 328 S. E. (2d) 476 (1985) and *Hedgepath v. Stanley Home Products, Inc.*, 265 S. C. 248, 217 S. E. (2d) 782 (1975).

The Workers' Compensation Act provides that appeals of decisions of the Industrial Commission must be brought in the county where the alleged accident occurred or in which the employer resides or has his principal office. S. C. Code Ann. § 42-17-60 (1985). In 1975, this Court relied upon the predecessor of § 42-17-60 to affirm the dismissal of a petition for judicial review brought in Richland County, when the accident occurred in Orangeburg County and the employer had no principal office in Richland County. *Hedgepath v. Stanley Home Products, Inc., supra.* Ten years later, in *Chitty v. Allied Chemical Co., supra.*, the Court reaffirmed its holding in *Hedgepath.*

Williams argues that *Hedgepath,* while correct when decided, has been overruled by the Administrative Procedures Act and subsequent decisions of this Court. We have held the scope of review provisions of the APA impliedly repealed the conflicting scope of review provisions of the Workers' Compensation Act. *Lark v. Bi-lo,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). We have also held petitions for review under the APA may be brought in any county as long as the choice is not arbitrary or unreasonable. *1972 Capri v. South Carolina Dept. of Highways and Public Transportation,* 274 S. C. 88, 261 S. E. (2d) 307 (1979). Reading *Lark v. Bi-Lo* and *1972 Capri* together, Williams asserts review of Industrial Commission decisions is proper in any county which bears a

relation to the controversy. We disagree.

Our decision in *Lark v. Bi-Lo* was premised on the direct conflict between provisions of the APA and the Workers' Compensation Act. Where provisions conflict, the APA controls. However, where the APA is silent, specific provisions of existing agency law retain their viability.

The APA contains no express provisions regarding the proper county for judicial review which impliedly repealed the forum provisions of § 42-17-60. The rule announced in *1972 Capri* applies, by its own terms, "in the absence of specific statutory direction to the contrary." 261 S. E. (2d) at 308. In workers' compensation actions, there is specific statutory direction for the proper county for judicial review. We hold § 42-17-60 continues to govern judicial review of workers' compensation decisions, and reaffirm our holding in *Hedgepath* and *Chitty*.

The decision of the trial judge is Affirmed.

GREGORY and FINNEY, JJ., and RODNEY A. PEEPLES, Acting Associate Justice, concur.

CHANDLER, J., not participating.

*Per Curiam:*

We adhere to our opinion in this case previously issued as Op. No. 22712 (S. C. filed April 27, 1987).

Affirmed.