24034

Cecil DOVE, Employee, Appellant v. GOLD KIST, INC.,
Employer and Self-Insured, Respondent.

(442 S.E. (2d) 598)

Supreme Court

*James E. Chaffin, Jr.,* Columbia, *for appellant.*

*Richard B. Kale, Jr.,* of *Haynesworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Heard Jan. 5, 1994.

Decided Mar. 21, 1994.

TOAL, Justice:

Relying on *Hedgepath v. Stanley Home Products,* 265 S.C. 248, 217 S.E. (2d) 782 (1975), the circuit court dismissed Cecil Dove's ("Dove") appeal from the order of the Workers' Compensation Commission for lack of subject matter jurisdiction. Having determined that *Hedgepath* must be overruled, we reverse and remand.

## FACTS

Cecil Dove was employed by Gold Kist, Inc., a Georgia corporation, in its mill located in Lexington, South Carolina. Dove sustained an injury by accident arising out of and in the course of his employment at the Gold Kist Lexington County mill. Gold Kist admitted liability and paid Dove temporary disability. A dispute arose between Gold Kist and Dove, and Dove filed a claim with the Workers' Compensation Commission.

A hearing was conducted in Lexington County, South Carolina. The single commissioner found Dove twenty-five percent disabled. The full commission affirmed the single commis-

sioner but gave Gold Kist credit for the temporary benefits previously paid to Dove. Dove filed a notice of appeal in the Circuit Court in Richland County. Gold Kist filed a motion to dismiss claiming the Circuit Court in Richland County lacked subject matter jurisdiction.

Consistent with *Hedgepath v. Stanley Home Products*, 265 S.C. 248, 217 S.E. (2d) 782 (1975), the Circuit Court sitting in Richland County sustained Gold Kist's motion and dismissed the appeal for lack of subject matter jurisdiction. This appeal followed.

## LAW/ANALYSIS

In *Hedgepath v. Stanley Home Products*, 265 S.C. 248, 217 S.E. (2d) 782 (1975), this Court affirmed the trial court's dismissal of an appeal from the Workers' Compensation Commission for lack of subject matter jurisdiction where the appeal was filed in a county other than where the accident occurred or where the employer has his principle place of business. Twice this Court has reaffirmed its holding in *Hedgepath* that the statute in question requires the circuit court to dismiss an appeal from the Workers' Compensation Commission if it determines the venue is incorrect. *Williams v. South Carolina Department of Wildlife*, 295 S.C. 98, 367 S.E. (2d) 418 (1987); *Chitty v. Allied Chemical Co.*, 285 S.C. 106, 328 S.E. (2d) 476 (1985).

We granted Dove's motion to argue against the precedent of *Hedgepath, supra*. Dove argues that S.C. Code Ann. § 42-17-60 (Supp. 1993) grants subject matter jurisdiction to the Circuit Court of South Carolina and also defines the proper venue. We agree.[1]

The distinction between subject matter jurisdiction and venue is an important one in the law. *See Triangle Auto Spring Co. v. Gromlovitz*, 270 S.C. 386, 242 S.E. (2d) 430 (1978) (distinguishing subject matter jurisdiction and venue and effect of each). The terms are not synonymous. *Bambrick v. Bambrick*, 165 So. (2d) 449, 455 (Fla. App. 1964). Subject matter jurisdiction is "the power to hear and deter-

---

[1] *Contra Williams v. South Carolina Department of Wildlife*, 295 S.C. 98, 367 S.E. (2d) 418 (1987); *Chitty v. Allied Chemical Co.*, 285 S.C. 106, 328 S.E. (2d) 476 (1985); *Hedgepath v. Stanley Home Products*, 265 S.C. 248, 217 S.E. (2d) 782 (1975).

mine cases of the general class to which the proceedings in question belong." *Bank of Babylon v. Quirk*, 192 Conn. 447, 472 A. (2d) 21, 22 (1984); *accord Balcon, Inc. v. Sadler*, 36 N. C. App. 322, 244 S.E. (2d) 164 (1978) (citing 21 C.J.S. Courts ¶ 23, pp. 36-37). On the other hand, venue is the place or geographical location of trial. *Ford v. Valmac Industries, Inc.*, 494 F. (2d) 330, 331 (10th Cir. 1974); *see also In re Asbestosis Cases*, 276 S.C. 579, 281 S.E. (2d) 112 (1981) ("venue" refers to county where action should be brought). The propriety of either is independent of the other. *See Driscoll v. New Orleans Steamboat Co.*, 633 F. (2d) 1158, 1159 (5th Cir. 1981). A court sitting where venue is improper may nevertheless render judgment provided the party who possesses the venue right consents, either expressly or impliedly. *See e.g. Landvest Associates v. Owens*, 274 S.C. 334, 263 S.E. (2d) 646 (1980). A court lacking subject matter jurisdiction, however, has no authority to act regardless of the geographical location or consent of the litigants. *Nix v. Mercury Motor Express, Inc.*, 270 S.C. 477, 242 S.E. (2d) 683 (1978).

With these principles in mind, we turn to the statute at issue in this appeal. S.C. Code Ann. § 42-17-60 provides in pertinent part as follows:

[E]ither party . . . may appeal from the decision of the commission to the court of common pleas of the county in which the alleged accident happened, or in which the employer resides or has his principal office.

There is but one Circuit Court in South Carolina, with uniform subject matter jurisdiction *"throughout the State." State ex rel. Riley v. Martin*, 274 S.C. 106, 111, 262 S.E. (2d) 404, 406 (1980); *see also* S.C. Const. art. V, § 1. The circuit court is made up of the court of common pleas, which hears civil actions, and the court of general sessions, which hears criminal cases. The phrase "court of common pleas" contained in the statute, refers to the South Carolina Court of Common Pleas, and not a particular circuit or county. *See State ex rel. Riley v. Martin*, 274 S.C. 106, 110, 262 S.E. (2d) 404 (1980). The statute grants the court of common pleas throughout the State subject matter jurisdiction to hear appeals from the orders of the full commission. We, therefore, reverse the trial judge's dismissal of the appeal for lack of subject matter jurisdiction.

Having held the Court of Common Pleas sitting in Richland County has subject matter jurisdiction, we review the statute to determine the correct venue for the appeal. S.C. Code Ann. § 42-17-60 designates "the county in which the alleged accident happened, or in which the employer resides or has his principal office" as proper venue for the appeal. As the accident occurred in Lexington County, venue is clearly proper in Lexington County. Proper venue in one county, however, does not exclude proper venue in another county where equally authorized under the statute. *See Chestnut v. Reid*, 299 S.C. 305, 384 S.E. (2d) 713 (1981).

The statute also provides that venue is proper in the county in which the employer resides. This statutory provision regarding "residence" of the employer was ignored in *Hedgepath.* Contrary to Gold Kist's argument, a foreign corporation may reside where it maintains an office and agent for the transaction of business or owns property and transacts business. *Lucas v. Atlantic Greyhound Federal Credit Union*, 268 S.C. 30, 231 S.E. (2d) 302 (1977) (corporate residence where corporation maintains office and agent for transaction of business); *Thomas & Howard Co., Inc. v. Wetterau, Inc.*, 291 S.C. 237, 353 S.E. (2d) 141 (1987) (corporate residence where corporation owns property and transacts business); *In re Asbestosis Cases*, 276 S.C. 579, 281 S.E. (2d) 112 (1981). In the case at bar, Gold Kist maintains a retail outlet in Richland County. The record is unclear, however, as to whether Gold Kist maintains an agent in Richland County.

Accordingly, we REVERSE the trial judge's ruling that the Circuit Court sitting in Richland County lacked subject matter jurisdiction. Further, we REMAND this case to the Circuit Court sitting in Richland County to determine proper venue for the appeal. Based upon the foregoing, we overrule *Williams v. South Carolina Department of Wildlife*, 295 S.C. 98, 367 S.E. (2d) 418 (1987); *Chitty v. Allied Chemical Co.*, 285 S.C. 106, 328 S.E. (2d) 476 (1985); *Hedgepath v. Stanley Home Products*, 265 S.C. 248, 217 S.E. (2d) 782 (1975) to the extent these opinions conflict with our decision today.

CHANDLER, FINNEY and MOORE, JJ., concur.

HARWELL, C.J., not participating.