**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tiffany B. Haire, Respondent,

v.

Tracey D. Ellis, Appellant.

Appellate Case No. 2018-002063

Appeal From Marlboro County
Michael S. Holt, Family Court Judge

Unpublished Opinion No. 2021-UP-318
Submitted June 1, 2021 – Filed September 8, 2021

**REVERSED**

Jason Scott Luck, of Luck VI Ltd. Co. d/b/a Jason Scott Luck, Attorney at Law, of Bennettsville, for Appellant.

Tiffany B. Haire, of Bennettsville, pro se.

**PER CURIAM:** Tracey Ellis (Appellant), a North Carolina resident, appeals the order of the family court allowing Tiffany Haire (Respondent) visitation with Appellant's minor child (Child) pursuant to a previous agreement between the

parties.  We reverse the family court's finding that South Carolina retained jurisdiction in this matter.[1]

**FACTS/PROCEDURAL HISTORY**

Appellant and Respondent were in a relationship for multiple years.   During the relationship, Appellant gave birth to Child in 2009[2] and Respondent and Appellant parented Child together.  In 2016, the relationship ended and the parties signed a Custody and Visitation Agreement (the 2016 Agreement).  The 2016 Agreement stated that Respondent was "important" in Child's life, that she had filed for joint custody, and that she was seeking to be designated as a psychological parent.  The 2016 Agreement stated:

> [the parties] desire to work out an agreement, wherein they agree that [Respondent] can have certain visitation privileges; and . . . both parties feel that it is in the best interest of the child for this matter to be amicably resolved; and . . . the parties understand that this agreement resolves the issues of custody and visitation which can be changed by any further change of circumstances.

The 2016 Agreement provided that Appellant was the custodial parent of Child and set forth a visitation schedule for Respondent.  It also stated that Respondent would pay child support according to the South Carolina Child Support Guidelines.  The 2016 Agreement did not designate Respondent as a psychological parent of Child.

In April 2017, the family court issued a Consent Order Closing Case (the 2017 Order).  The parties signed the 2017 Order, which defined the case it was closing as the 2016 action filed by Respondent, in which she alleged she was the psychological parent of Child and requested custody and visitation.  The 2016 action resulted in the 2016 Agreement.  The 2017 Order stated the 2016 Agreement was a temporary order.  The 2017 Order stated the parties could "re-file an action at a future time" and stated "both parties agree that under the present circumstances it is not in the best interest of the parties or [Child] for a formal and

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] The record reflects that "no person has claimed to be the biological father of [Child]."

structured visitation arrangement to take place."  The 2017 Order stated the action was "voluntarily dismissed without prejudice, with either party to have the right to file a future action, should either party feel it necessary."  The 2017 Order further stated the child support set forth in the 2016 Agreement was dismissed and all arrearage forgiven.

The parties came before the family court in June 2018 for a hearing on Respondent's pro se summons and complaint for visitation.  At the beginning of the hearing, Appellant disputed the family court's jurisdiction because Child resided in North Carolina.  The record shows the family court questioned the parties about the circumstances of the 2017 Order and, based on that discussion, determined South Carolina retained jurisdiction under the 2016 Agreement.

In awarding visitation to Respondent, the family court's order stated that, although Appellant and Child had resided in North Carolina for over one year, Marlboro County was the proper venue because the family court had previously addressed the issue of custody and visitation relating to Child.  The court noted that the 2016 Agreement was valid, and Respondent was granted visitation (with minor modifications) according to the order.  In its Order denying Appellant's motions to reconsider and to stay the case, the family court again found Appellant and Child had resided in North Carolina for over a year, but handwrote on the order that they "spend significant time in S.C. which includes at least every weekend."

## ISSUE ON APPEAL[3]

Did the family court err in failing to dismiss the case for lack of jurisdiction?

## STANDARD OF REVIEW

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).

---

[3]Appellant also argues Respondent does not have standing to seek visitation with Child because there has been no judicial finding that Respondent is a psychological parent or de facto custodian.  Because we find the family court did not have jurisdiction, we need not reach this issue.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

Thus, the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence. *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011). The appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings. *Id.* at 392, 709 S.E.2d at 655.

## LAW/ANALYSIS

Appellant argues the 2017 Order ended the previous case and Respondent's pro se action for visitation is a new action. Because Respondent's new action for visitation was filed in South Carolina and Child had resided in North Carolina for more than a year before the commencement of the action, Appellant contends the family court did not have jurisdiction over Respondent's new action. We agree.

"Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (Conn. 1984)). A court without subject matter jurisdiction does not have authority to act. *Id.* at 238, 442 S.E.2d at 600. "A judgment of a court without subject-matter jurisdiction is void." *Coon v. Coon*, 364 S.C. 563, 566, 614 S.E.2d 616, 617 (2005).

The 2017 Order was not appealed, and therefore constitutes the law of the case. *See McAleese v. McAleese*, 309 S.C. 548, 551, 424 S.E.2d 558, 559-60 (Ct. App. 1992) (noting that "[o]f great importance to th[e] decision [was] the fact that . . . orders . . . were not appealed and constitute the law of th[e] case"). "[W]here an agreement has been merged into a court[']s decree, the decree, to the extent possible, should be construed to effect the intent of both the judge and the parties." *Messer v. Messer*, 359 S.C. 614, 628, 598 S.E.2d 310, 318 (Ct. App. 2004).

We find that, under the clear terms of the 2017 Order, Appellant and Respondent agreed to end Respondent's right to visitation and obligation of child support, thereby invalidating the 2016 Agreement that the family court relied on here. The parties agreed they were free to file "future" actions for visitation or child support. The 2017 Order unambiguously refers to the case it ends as the 2016 action (which produced the 2016 Agreement). The 2017 Order contemplated that any further actions would be new, separate actions for visitation or child support. Therefore, the matter was ended by the 2017 Order of the family court, and there is no basis for continuing jurisdiction.

Further, South Carolina would not have jurisdiction in a new action because the record shows that Appellant and Child resided in North Carolina as of the date of the filing of Respondent's pro se action.[4]  Appellant told the family court that she and Child had lived in North Carolina for more than a year.  There was testimony that Child attends school in North Carolina.  Appellant's weekend trips to visit her mother in South Carolina that the family court referred to in the order denying reconsideration do not diminish the importance of her North Carolina residency in the context of a new action.

Because we find the 2017 Order ended Respondent's original action for custody and visitation, and the present visitation action is a new case, we find the family court erred in finding it had jurisdiction.  Accordingly, the order of the family court is

**REVERSED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[4] Under the Uniform Child Custody Jurisdiction and Enforcement Act,

> [A] court of this State has jurisdiction to make an initial child custody determination only if:
> (1) this State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State, but a parent or person acting as a parent continues to live in this State.

S.C. Code Ann. § 63-15-330(A)(1) (Supp. 2010).