17177

MRS. LOIS C. JACKSON, Respondent, v. BANKS CONSTRUCTION COMPANY, Appellant

(93 S. E. (2d) 604)

462

*Messrs. Theodore R. Guerard* and *Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Hope, Willcox & Cabaniss,* of Charleston, *for Respondent,*

July 2, 1956.

OXNER, Justice.

This action was brought by respondent Lois C. Jackson against appellant Banks Construction Company to recover damages for personal injuries sustained on August 10, 1955, when it is claimed that due to the negligence and recklessness of appellant, an automobile in which respondent was riding as a passenger ran off the road into a ditch. It was alleged that respondent "was thrown violently about the interior fittings of the automobile", resulting in severe and permanent injuries. Appellant denied all acts of negligence and recklessness and interposed several affirmative defenses. Paragraph 9 of the answer is as follows:

"This defendant alleges that the plaintiff, on September 15, 1953, was involved in a motor vehicle collision in the

City of Charleston wherein she claimed to have sustained personal injuries resulting in severe headaches and pain, and that in an action in the Court of Common Pleas for Charleston County commenced on November 3rd, 1953, by the plaintiff against Walter H. Solomon, trading and doing business as A. M. Solomon and Sons, based on said collision, she recovered a verdict of approximately $29,000.00, which has recently been affirmed by the Supreme Court of South Carolina, and this Defendant further alleges on information and belief that the alleged unbearable pain and suffering resulting to the plaintiff from the collision on which the instant action is based are in large part attributable to her alleged injuries sustained in the earlier accident, for which she has already received a verdict in the neighborhood of $29,-000.00."

Respondent moved to strike the foregoing paragraph upon the ground that it was irrelevant. The Court refused to strike the entire paragraph but eliminated all allegations with reference to the previous action brought by respondent against Walter H. Solomon, so that said paragraph would read as follows:

"This defendant alleges that the plaintiff on September 15, 1953, was involved in a motor vehicle collision in the City of Charleston, wherein she claimed to have sustained personal injuries resulting in severe headaches and pain, and this defendant further alleges on information and belief, that the alleged unbearable pain and suffering resulting to the plaintiff from the collision on which the instant action is based, are in large part, attributable to her alleged injuries sustained in the earlier accident."

The opinion in *Jackson v. Solomon*, 228 S. C. 225, 89 S. E. (2d) 436, 439, the case mentioned in Paragraph 9 of the complaint, discloses that Mrs. Jackson, respondent here, claimed in that action that she had been seriously and permanently injured and offered medical testimony to the effect that she would have "some degree of pain indefinitely."

Appellant claims that respondent was fully compensated in her case against Solomon for some, if not all, of the pain and suffering for which she is seeking to recover, and argues that it is entitled to show not only the fact of compensation but the amount of the judgment so as to eliminate any danger "of a double recovery." It is stated in appellant's brief: "The verdict in the earlier action necessarily included future pain and suffering, and respondent is not entitled to have that future pain and suffering again considered by any jury in the trial of the instant case. It should be categorically excluded by readily available documentary evidence showing what injuries respondent claimed in her earlier action and the amount of her recovery therefor."

Having concluded that some of the allegations in Paragraph 9 were relevant, the Court was not required to dissect said paragraph so as to separate those allegations germane to the issues from those that were not, and would have been justified in refusing the motion. *Lawson v. Metropolitan Life Insurance Co.,* 169 S. C. 540, 169 S. E. 430. However, no such questions is raised on the appeal.

It must be conceded, and the Court below evidently so concluded, that appellant is entitled to show fully the nature and extent of the injuries received by respondent in the previous accident. *Morrissey v. Connecticut Valley St. Ry. Co.,* 233 Mass. 554, 124 N. E. 435, 437. The Court there said: "Evidence was competent tending to show that the injuries which, according to the claims of the plaintiff, resulted from the collision in question, were in truth caused by other and previous accidents sustained by him. As bearing upon this point, testimony as to other injuries received by the plaintiff was relevant." A question similar to that now raised was presented in *Jones v. St. John,* Tex. Civ. App., 178 S. W. (2d) 181, 183. This was an action to recover damages for injuries received by Mrs. Jones in an automobile collision. Defendant sought to cross-examine her with reference to personal injuries sustained in a previous

accident and to show that suit had been brought and the amount received in settlement. The Court said: "The record merely shows, in a general way, that in 1934 Mrs. Jones suffered an accidental injury that resulted in a suit for damages in Harris County. That she then claimed to have suffered injuries resembling some of those alleged to have resulted from the automobile collision that is the basis of the instant suit. Defendant's avowed purpose in the introduction of such testimony was to show that plaintiff's condition was caused in part by the prior accident. We think the court did not err in permitting the introduction of testimony which tended to show that her present condition is attributable partly to the prior injury."

We agree with the Court below that the amount recovered by respondent in the previous action is irrelevant. Apart from the fact that the verdict in that case doubtless involved various other elements of damages besides future pain and suffering, it is immaterial whether in that action she was adequately or inadequately compensated or, in fact, whether she recovered at all. Suppose she had been unsuccessful, could respondent have shown that fact on the trial of the instant case? We think not.

In *Jones v. St. John, supra,* the trial Judge refused to permit defendant to show that Mrs. Jones had received $1,500.00 in settlement of her claim for the injuries received in the previous accident and it was apparently conceded on appeal that this ruling was correct.

In order to avoid any misunderstanding, it should be stated that it does not necessarily follow from what has been said that appellant will be precluded at the trial from referring to the previous litigation. This depends upon circumstances which we cannot now anticipate. It may then develop that the claims made by respondent in the previous action are relevant.

The order appealed from is affirmed.

STUKES, C.J., and TAYLOR, LEGGE and MOSS, JJ., concur.