### 19030

Dorothy H. YOUNG, Respondent, v. J. C. MARTIN, Appellant, James C. YOUNG, Respondent, v. J. C. MARTIN, Appellant

(173 S. E. (2d) 361)

52

*James B. Parham, Jr., Esq.,* of *Wyche, Burges, Freeman & Parham,* of Greenville, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondent, Dorothy A. Young,*

*James C. Parham, Jr., Esq.,* of *Wyche, Burgess & Parham,* of Greenville, *for Appellant, in second case.*

*Abrams, Bowen & Townes,* of Greenville, *for Respondent, James C. Young, in second case.*

March 26, 1970.

LITTLEJOHN, Justice.

These two cases were dealt with by one consolidated order of the Greenville County Court, and were argued jointly before this court. The two cases arise out of an automobile collision which occurred in Greenville on December 14, 1967. Dorothy H. Young sues for personal injuries and we will refer to her claim as the wife's case; James C. Young sues for loss of consortium, for medical expense paid on behalf of the wife, and for medical expense paid on behalf of his minor daughter, and we will refer to his claim as the husband's case.

The wife's case was tried on March 6, 1969, resulting in a verdict in her favor for $10,000. The husband's case was tried one week later before a separate jury, and resulted in a verdict for the defendant.

In the wife's case the defendant moved for a new trial. In the husband's case the plaintiff noted a motion for a new trial but no grounds for the motion were filed or served.

After arguments were heard in the wife's case the judge issued his order overruling defendant's motion in the wife's case. The order was captioned for both cases and dealt with the husband's case in the following language:

"The Court is of the opinion, however, that if, for any reason, the verdict in the case of Dorothy H. Young be set aside, the cases as to both plaintiffs (husband and wife) should be retried as a matter of justice. Therefore, the Court will not pass upon the motion of the plaintiff, James Young, but will hold the same in abeyance."

From this order the defendant appeals the two separate cases.

## THE WIFE'S CASE

The sole question as relates to the trial of the wife's case is stated in appellant's brief as follows:

"In the trial of an automobile accident case, where Plaintiff denies under oath that she sustained certain injuries in a prior accident some weeks earlier or that she had made any claim on account of such injuries, is evidence admissible to show a prior claim by Plaintiff for such injuries (identical to those alleged in the instant case) and a settlement of the prior action on the basis of the same medical information presented by Plaintiff in the instant case."

In order to determine whether defendant was improperly restricted in the introduction of evidence, a brief background of the litigation is required. It appears that the wife was in an automobile collision on October 25, 1967, and we will refer to that wreck as the first collision.

On December 14, 1967 the wife was in a collision with the defendant and we will refer to this wreck as the second collision.

On December 18, 1967 she went to see Dr. Brady and gave to him a history of injuries sustained in the first collision.

On February 29, 1968 companion suits were filed in the first collision case against Carolina Delivery Service Company, Inc. by the wife and the husband. These cases were settled on May 14, 1968 by payment by Carolina Delivery Service Company, Inc. of $6,000.00.

If the wife is to recover damages from the defendant she is entitled to damages only for injuries proximately caused by the wrongful driving conduct of the defendant herein. If she sustained an injury in the first collision, compensation, if any, to be paid by the defendant in this case would be limited to an amount sufficient to compensate her for the aggravation of the previous condition. Accordingly, two factual determinations become extremely important: (1)

what injuries did she receive in the first collision, and (2) what injuries did she receive in the second collision.

The presentation of evidence is a quest for the whole truth, and whether evidence is admissible is often dependent upon what testimony has already been presented. At the time the court refused to admit certain evidence relative to the prior claim and settlement, Dr. Brady had testified that upon his first examination on December 18, 1967 the history showed "she was complaining of back and neck pain dating from the time of an automobile accident on October 25, 1967. There is no history of any other injury at that time." He further stated that there was no mention in the history of her case of an automobile accident occurring on December 14, 1967 (second collision) until she appeared in his office on July 8, 1968, which would have been about her tenth visit to his office and which was approximately two months after the settlement of the first collision case.

It was Dr. Brady's testimony that her condition had been aggravated ten to fifteen percent by the second collision. He said that up until he was told on July 8, 1968 of the second collision it had been his opinion that all of her impairment arose out of the first collision. He admitted that it is difficult to fairly appraise such a claim and said that the appraisal depended largely on the patient's telling him the whole story.

At the time the judge's ruling was made the wife herself had testified relative to whether she had reported the second collision to Dr. Brady on December 18, 1967 * * * "I told him" * * * "I think that I did * * *" "I don't know * * *" "I just don't really remember." She had also testified that the only injury she received in the first collision was a sore back, that it was not serious, and that she had never complained to anybody about having received any injuries in the first accident other than to the back.

It was her testimony that now she has headaches, her neck, arms and legs hurt and at times her hands are numb and her left side is painful and numb and she is nervous.

These ailments she would attribute to the second collision. She said that her neck and legs were not injured in the first collision.

James C. Young testified that his wife had complained only relative to her back after the first collision.

The complaint in the present action alleges "severe and painful injuries, particularly to her neck and back and teeth but not limited thereto, which have caused the plaintiff much physical pain and suffering * * * That the injuries received aggravated a prior existing injury. That plaintiff believes these injuries to be permanent and disabling * * *"

The answer alleges that the injuries complained of in the complaint were sustained in the first collision.

Paragraph IV of the complaint in the first collision action reads as follows:

"That as a result of the above described accident, the plaintiff received very severe and painful injuries, particularly to her neck, back and legs, but not limited thereto, and that the plaintiff has undergone much physical pain and suffering and mental anguish and distress and that plaintiff will continue to undergo such suffering and distress in the future. That upon information and belief, plaintiff believes these injuries to be permanent and disabling to the extent that her ability to perform her normal daily and physical functions will be impaired, and her ability to earn a livelihood has been impaired, as well as her ability to enjoy life."

When the wife was on the witness stand, counsel for the defendant attempted to cross examine her relative to the first collision complaint, and later sought to introduce it in evidence. Counsel for the wife objected on the grounds that the complaint was unverified and on the grounds that it was irrelevant, immaterial, and prejudicial. The objection was sustained. However, at the end of the trial the judge did read Paragraph IV quoted above to the jury and stated that "the Plaintiff could take the stand again and explain that admission." She did not return to the witness stand.

Medical reports submitted by the wife's attorney to counsel for Carolina Delivery in the first collision case as the basis for bringing about the $6,000.00 settlement, were also excluded when offered in evidence.

James H. Watson, Jr., counsel for Carolina Delivery who negotiated the settlement in the first action, was called to the stand by the defendant. His testimony relative to the settlement of the first collision case was excluded after objection by counsel for the wife, and he was not permitted to testify in the presence of the jury. Testimony even for the purpose of making up the record (in the absence of the jury) was quite limited. Counsel submits that Watson was prepared to testify (and did in essence so testify in the husband's case the following week) that the wife's complaint in the first collision case was served on his client; that the medical information and bills presented in this case arising out of the second collision (including bills for dental work and physical therapy were presented to him by plaintiff's counsel as evidence of injuries and special damages from the first collision; that the wife's counsel never mentioned the second collision to him; and that the medical reports submitted to him by the wife's counsel contained no mention of the second accident; and that Carolina Delivery made a substantial payment to the wife in settlement of her claim, based upon the medical reports and bills submitted and the representations made by counsel for the wife.

The wife is now in the awkward position of attempting to disavow allegations of her complaint and to exclude the medical reports used in the first collision case to bring about the $6,000.00 settlement.

Obviously defendant is permitted to place before the jury any evidence which tends to prove the true condition of the wife's state of health just before the second collision. This includes impairments growing out of the first collision. Rep resentations made by her and her attorney to the court as contained in the first collision complaint, and representations

made by her and/or by her attorney by way of medical reports to an officer of the court as a basis of procuring a settlement of $6,000.00 would be relevant and material. The jury was faced with the difficult task of determining the impairment caused by the first as well as the second collision.

After denying defendant's counsel the right to cross examine the wife relative to the complaint, the judge, while the defendant was presenting his side of the case, re-evaluated his prior ruling and apparently concluded that at least Paragraph IV, quoted above, should be admitted in evidence. We think that the whole complaint should have been admitted in evidence and that counsel should, as a part of his cross examination of the wife, been allowed to examine her relative to the complaint as it might be inconsistent with the testimony she had just given. This is consistent with the rule as stated in 31A C. J. S. Evidence § 303 as follows:

"It is well established that an admission contained in a pleading in one action may be received in evidence against the pleader on the trial of another action, even though the former action involved a stranger to the subsequent one. * * *

"It has been held that a party is bound by an admission contained in a pleading prepared by his attorney, although he did not swear to, or know of, the statements therein and even though he had no actual knowledge of the existence of the pleading, and that the right of the party against whom the pleading is offered to show that the statements therein were inadvertently made, or not authorized by him, or made under a mistake of fact, affects only the weight, and not the admissibility, of such statement."

Also, see *Burlington Hotel Corporation v. Dixon,* 196 N. C. 265, 145 S. E. 244, and *Bentley v. Ayers,* 102 Ga. App. 733, 177 S. E. (2d) 633.

The jury should have been allowed to consider the complaint in the first collision action after full opportunity to the

wife to explain it, and after full cross examination. If that complaint contains matters inconsistent with the truth, she should so state at the new trial and the jury can evaluate her testimony.

The medical reports used as a basis to settle the first collision case were admissible for the purpose of showing what representations were made to Mr. Watson as might affect the credibility issue.

Having held that evidence relative to the prior claim and settlement should be admitted in evidence, it follows that the testimony of Mr. Watson should also have been permitted.

In *Jackson v. Banks Construction Company*, 229 S. C. 461, 93 S. E. (2d) 604, wherein a first and second collision injury was involved, this court held that the trial judge properly struck from an answer allegations concerning the outcome of the first collision litigation. Allegations that plaintiff had been injured in another motor vehicle collision were permitted to stand. After ruling that the trial judge correctly struck the matter referred to, this court said:

"In order to avoid any misunderstanding, it should be stated that it does not necessarily follow from what has been said that appellant will be precluded at the trial from referring to the previous litigation. This depends upon circumstances which we cannot now anticipate. It may then develop that the claims made by respondent in the previous action are relevant."

The ruling today is not inconsistent with Jackson. Circumstances arose in the trial of this case which required the court to permit reference to the previous litigation. Normally the amount of settlement received in a previous collision might not be admissible, but under the facts and circumstances as they came to be developed in the trial of this case, we are of the opinion that the amount of the settlement was also a proper matter for the jury to consider.

The defendant has also appealed from the order of the trial judge settling the record. Counsel contends that evidence from the husband's case, tried the following week, should have been made a part of the record. In that case the judge took a more liberal view in allowing more evidence relative to the prior collision case and settlement. Each case must be tried on its own merits, and we agree that such evidence should not have been included as a part of the wife's appeal. It would have been preferable if Mr. Watson, in the absence of the jury, had been allowed to testify in full in this case such that this court might review the alleged error in the light of the whole of his testimony. Inasumch as his testimony was not fully developed in the record, we have in good faith taken appellant's contention as set forth in his brief as representing the evidence which Mr. Watson would have given.

Counsel for the appellant argues that his own statement as proposed should have been adopted. That statement was argumentative and not in keeping with the rules of court. The statement approved by the trial judge was adequate, and we find no error.

## THE HUSBAND'S CASE

It should be noted from the language of the order quoted above that no actual final disposition of the husband's case was made by the lower court. The effect of the judge's ruling is to say that if the Supreme Court grants a new trial in the wife's case, (which we have now done) both cases "should be retried as a matter of justice." The defendant apparently felt compelled to appeal, although a final ruling was not made, because the judge indicated an adverse ruling.

We think the judge erred in giving consideration to the husband's case before the grounds of the plaintiff's motion for a new trial were formulated, and erred in expressing his opinion as to the justice of the case before the issues were made up and before the argument was heard. It does not follow that the husband is entitled to a

new trial merely because the wife must try her case again as we have held. Property rights and claims of the husband and wife are separate. See Section 10-216 and Section 20-201 and subsequent sections of the South Carolina Code for 1962.

The defendant also appealed from the order settling the record in the husband's case on appeal. After a study of the record we conclude that the case as proposed by the defendant should have been adopted. It can be with logic argued that the printing of the testimony and the entire order of the trial judge is not necessary to a disposition of the narrow issue raised. At the same time, the strong indication of action to be expected so nearly committed the court to the granting of a new trial that the defendant was justified in asking that all the testimony be submitted to the court. The lower court held that the justice of the case demanded a new trial. The justice of the case depends, of course, upon the whole of the evidence.

A new trial is granted in the wife's case.

In the husband's case plaintiff may proceed as he may be advised, not inconsistent with the views herein expressed.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.