21173

In re ASBESTOSIS CASES (34 cases) 78-CP-06-105.
(266 S. E. (2d) 773)

*N. Heyward Clarkson, III, and Daniel B. White* of Rainey, Britton, Gibbes and Clarkson, Greenville, *for appellant.*

*Terry E. Richardson, Jr.,* of Blatt and Fales, Barnwell *for respondent.*

*William H. Horger,* Orangeburg, *Robert H. Hood, Edward D. Buckley, Robert A. Patterson, William H. Grimball, Bachman S. Smith, III, Henry B. Smythe, Jr., Michael T. Cole, and Joseph R. Young,* Charleston, *Robert R. Carpenter,* Rock Hill, *James W. Alford and F. Barron Grier, III,* Columbia, and *James B. Pressly, Jr.,* Greenville, *for defendants.*

March 26, 1980.

RHODES, Justice:

This is an appeal from a denial of a change of venue motion in the consolidated asbestosis cases [1] in Barnwell County, in which appellant Covil Corporation (Covil) is a party defendant in a number of cases. We reverse.

These product liability suits allege that respondents, as indusrial insulators, were exposed during their year of employment to asbestos insulation materials manufactured or sold by the various defendants, resulting in their serious injury or death. Three theories of liability are generally asserted in the complaints: negligence, breach of warranty, and strict liability. All essentially state that defendants are liable because they failed to warn plaintiffs of the damages associated with asbestos insulation products, dangers which were

---

[1] The first asbestosis case was filed in Barnwell County in 1976, with the remaining cases being filed in 1977, 1978, and 1979. By order of the Court of Common Pleas of Barnwell County, they were consolidated for pretrial purposes.

allegedly known by defendants or which should have been known.

Of the defendants, only Covil and North Brothers, Inc., are distributors-suppliers of insulation products, all others being either miners of asbestos or manufacturers of asbestos products. Covil and North Brothers are also contractors in the insulation trade. All defendants are foreign corporations with the exception of Covil, which is a South Carolina corporation with its only place of business in Greenville, South Carolina. Covil has no office or agent for the transaction of any business in Barnwell County and, further, has no employees of any kind assigned to work in that county. It owns no property, either real or personal, in Barnwell County and, since the institution of these lawsuits, has had no contracts or reoccurring business to be performed there. The facts recited in this paragraph are not in dispute, having been taken from the agreed statement of the parties.

Covil seeks to change venue from Barnwell County to Greenville County, the place of its corporate residence. Venue over corporations may be predicated on either section 15-7-30, South Carolina Code (1976) or section 15-9-210, South Carolina Code (1976). Section 15-7-30 provides as follows:

In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action. *If there be more than one defendant then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action.* If none of the parties shall reside in the State the action may be tried in any county which the plaintiff shall designate in his complaint. This section is subject however to the power of the court to change the place of trial in certain cases as provided by law. (Emphasis added.)

Section 15-9-210 provides:

If the suit be against a corporation, the summons shall, except as otherwise expressly provided, be served by delivering a copy thereof to the president or other head of the corporation, or to the secretary, cashier or treasurer or any director or agent thereof, *provided, further* that, *in the case of domestic or foreign corporations, service as effected under the terms of this section shall be effective and confer jurisdiction over any domestic or foreign corporation in any county where such domestic or foreign corporation shall own property and transact business* regardless of whether or not such domestic or foreign corporation maintains an office or has agents in that county. (Emphasis added.)

It is the contention of Covil that the emphasized provisions of 15-9-210 are not applicable to the case at bar, its argument being that the emphasized provisions of section 15-7-30 are exclusively applicable in this case and all cases involving multiple defendants.

Prior to 1964, that portion of section 15-9-210 providing that venue is proper where a corporation transacts business and owns property was applicable only to domestic corporations. Unless a foreign corporate defendant maintained an agent and office for the transaction of business in a county within the state, *Campbell v. Mutual Benefit Health & Accident Ass'n,* 161 S. C. 49, 159 S. E. 490 (1931), suit against a foreign coproration could be brought in any county designated by a plaintiff in his complaint. S. C. Code section 15-7-30 (1976). Where suit was instituted against both foreign and domestic corporations and the foreign corporation maintained an agent and office for the transaction of business in a particular county, venue would have been proper either within such county or in the county in which the corporate residence of the domestic corporation was situate. See *Campbell v. Mutual Health & Accident Ass'n, supra; Hancock v. Southern Cotton Oil Co.,* 211 S. C. 432, 45 S. E. (2d) 850 (1947); *Mack v. Nationwide Mut. Ins.*

*Co.,* 245 S. C. 619, 142 S. E. (2d) 50 (1965). Where suit was instituted against both foreign and domestic corporations and the foreign corporation maintained no agent or place of business within the state, venue would obviously have been proper only where the domestic corporation maintained its corporate residence.

In 1964, section 15-9-210 was expanded by amendment to provide that venue is proper in a county where a foreign corporate defendant transacts business and owns property. By strictly construing the residence provisions of section 15-7-30 in cases of multiple defendants to be limited to those counties where a domestic corporation has its principal place of business or where a corporation maintains an office and an agent for the transaction of business, as contended for by Covil, this alternative right to venue where a foreign corporate defendant transacts business and owns property would be defeated.

"Where there are different statutes in *pari materia*, though enacted at different times, and not referring to each other, they are to be taken and construed together as one system, and as explanatory of each other." *Fishburne v. Fishburne,* 171 S. C. 408, 172 S. E. 426 (1934). Both 15-7-30 and 15-9-210 obviously deal with the same general subject matter. With the above principle in mind, it is logical to interpret "resides" as used in section 15-7-30 [2] to include, for the purpose of determining proper venue, those counties in which any corporate defendant "shall own property and transact business" as provided in section 15-9-210.[3]

---

[2] *Cf. Campbell v. Mutual Benefit Health & Accident Ass'n, supra; Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25 (1938); *Warren v. Smith,* 190 S. C. 8, 1 S. E. (2d) 900 (1939). (These cases expanded the definition of "resides" to include for venue purposes those counties in which a foreign corporation has an office and agent for the transaction of business.)

[3] This holding is consistent with section 33-23-40, South Carolina Code (1976), which provides in part that "[a] foreign corporation authorized to do business in this State shall . . . have the same, but no greater, powers, rights and privileges as a domestic corporation".

Pursuant to section 15-7-30, if there is more than one defendant in a cause of action, venue is proper in any county in which one or more of the defendants reside. See also *Mack v. Nationwide Mut. Ins. Co., supra.* As it is our determination that residence for venue purposes includes those counties in which a corporate party owns property and transacts business, if any corporate defendant in the instant case can be shown to own property and transact business within Barnwell County, then venue would be proper under the provisions of section 15-7-30, as augmented by section 15-9-210.

Covil contends that this court, in making a determination whether the activities of a defendant are sufficient to lay venue in a given county, should consider the critical point in time to be the time when the lawsuit is commenced and not the time of accrual of the cause of action. We agree. This court has assumed, without expressly deciding, on at least two occasions that the question of whether venue is proper is to be determined at the time the action is instituted. *Lott v. Claussens, Inc.,* 251 S. C. 478, 163 S. E. (2d) 615 (1968); *Burris Chem., Inc. v. Daniel Constr. Co.,* 251 S. C. 483, 163 S. E. (2d) 618 (1968). Since venue is an attempt to provide for the convenience of the parties, the status of the parties when suit is commenced should control. *Cf.* 2 A. L. R. Fed. 995 (1969) (annotation comparing federal cases which lay venue against a corporation under 28 U. S. C. § 1391 (c) as of the date of filing suit with those that determine venue when the cause of action accrued). This is consistent with Section 15-7-30, which, as noted previously, provides in part that "the action shall be tried in the county in which the defendant resides *at the time of the commencement of the action.*" (Emphasis added.)

Pursuant to our determination that the activities of a defendant relative to venue shall be ascertained at the time of the commencement of the action, the stipulation within the statement of facts in the transcript of record

that Covil owned no property and transacted no business in Barnwell County since this action was commenced, and the independent evidence offered being insufficient to prove otherwise, it is our determination that with regard to Covil, venue cannot independently be properly located within that county under Sections 15-7-30 and 15-9-210. This conclusion, however, does not answer the question of whether Covil is vicariously subject to venue in Barnwell County by reason of the activities within such county of its codefendant, North Brothers, Inc. As we have previously stated, venue as to one defendant confers venue as to all defendants.

Respondents assert that the following supplies sufficient evidence to demonstrate that North Brothers, Inc. both owns property and transacts business in Barnwell County:

(1) the stipulation in the statement of facts that North Brothers "has had" a maintenance contract in Barnwell County;

(2) the affidavit of Herman Cox, an attorney for respondents, concerning the records of North Brothers' transaction of business in Barnwell County;

(3) the circuit court order in *Caines v. Owens-Corning Fiberglass Corp.*, No. 78-CP-06-105 (August 3, 1978), another asbestosis case in Barnwell County upon which the lower court in the instant case relied in making its determination.

We disagree.

The complete stipulation concerning North Brothers in the agreed statement of facts was as follows:

A co-defendant, North Brothers, is a Georgia Corporation which *has had* a maintenance contract in Barnwell County with DuPont for insulation work at the Savannah River Plant. (Emphasis added.)

Not only is the stipulation an indeterminate statement of when the contract was maintained in Barnwell Couny, there-

by not conforming to our previous holding that venue is to be determined on the basis of facts existent at the time a suit is instituted, but it also fails to disclose the size, value, and specific nature of the contract.

As previously stated, the evidence submitted to prove that North Brothers owns property and transacts business in Barnwell County includes an affidavit of Herman Cox, respondents' counsel. The affidavit is based upon Mr. Cox's inspection of some of the records of North Brothers at its Columbia office, and certain statements made to him by two employees of North Brothers working in that office. He first deposes that there is a contract, which originated in 1965, existing between North Brothers and DuPont's Savannah River Project, whereby North Brothers furnishes labor for the installation of thermal insulation products and personnel for the supervision of said labor at the Savannah River Project. He states that the dollar value of this contract for the years extending through June 30, 1974 totalled approximately $900,000. He gives no approximation of the size of the contract after June 1974, but avers that the North Brothers employees told him that the contract had been renewed from year to year and that it was still in force. The contract has not been made a part of the record.

The second portion of the Cox affidavit is concerned with purchases by DuPont of thermal insulation materials from North Brothers. With reference to these purchases, the affiant includes a list of seventy-seven invoices of purchases from 1965 to 1973 valued in the aggregate at approximately $13,000. However, between the years 1968 and 1973, only nine invoices valued at approximately $1,800 are included, with only one being dated in 1973. No purchases made contemporaneously with or after the commencement of this action have been included in the affidavit, although the affiant makes the general statement that such purchases have continued to the present.

There is no evidence before us of tangible personal property being owned by North Brothers in Barnwell County at the time the suit was commenced. The contention by appellant that the property requirements of Section 15-9-210 have been met by North Brothers is based upon the existence of the contract with the DuPont Savannah River Project. Since the contract is not in the record, we are solely dependent upon the Cox affiant for the meager evidence presented concerning it. The affidavit is void of information concerning

(1) the size of the contract since 1974, two years prior to the commencement of the first asbestosis case in Barnwell County;

(2) the work to be performed, the equipment to be used, if any, or the quantity of labor necessary;

(3) the period of time involved in completing the contract.

In deciding whether North Brothers owns property in Barnwell County within the purview of Section 15-9-210 by virtue of the contract, we feel that these facts are not only relevant but essential to a proper determination of the question.

We recognize that this court has held contract rights to be property rights in determining questions of venue. *Peeples v. Orkin Exterminating Co., Inc.*, 244 S. C. 173, 135 S. E. (2d) 845 (1964); *Gibbes v. National Hosp. Serv. Inc.*, 202 S. C. 304, 24 S. E. (2d) 513 (1943). This court has never, however, determined what minimum standard must be met by a contract in order for it to constitute owning property within a county for venue purposes. In *Peeples* and *Gibbes* the issues did not involve single contracts, but the opinions reflect that there were multiple contracts owned by the defendant in each case.

This court in *Atkinson v. Korn Industries, Inc.*, 219 S. C. 402, 65 S. E. (2d) 465 (1951) held that in order to constitute "transacting business" within the meaning of Section 15-9-210, such a substantial amount of business must be done in a particular county as to be more than a "mere casual, occasional, or isolated" transaction. Likewise, the property owned in a given county necessary to hold venue proper in that county should be substantial in nature, particularly where the property is intangible. In the instant case, however, the affidavit relied upon by respondents fails to present sufficient evidence to demonstrate that the contract referred to in the affidavit is of the substantial nature necessary to hold that North Brothers owns property in Barnwell County for venue purposes.[4]

Finally, respondents contend that the lower court properly took judicial notice of the order of the circuit court in *Caines v. Owens-Corning Fiberglass Corp., supra,* which determined that North Brothers transacts business and owns property in Barnwell County to such an extent as to make venue proper in that county.

The full text of the order in *Caines v. Johns-Mansville Products Corp.*, No. 77-CP-06-319 (May 25, 1978)[5] relating to consolidation is as follows:

1. Plaintiff initially moves to consolidate for discovery and evidentiary purposes all asbestos cases presently filed or to be filed in the Court of Common Pleas for Barnwell County. Similar consolidations have been effectuated in Greenville and Charleston Counties for asbestos cases pending there. Good cause having been demonstrated, it is ordered that all asbestos cases be consolidated for pre-trial

---

[4] Having found the evidence insufficient to find that North Brothers owns property in Barnwell County, it becomes unnecessary to consider whether it is transacting business there, since both elements are necessary to lay venue in Barnwell County.

[5] On appeal the caption of this case was changed from *Caines v. Johns-Mansville Products Corp.* to *Caines v. Owens-Corning Fiberglass Corp.*

purposes under the heading; "In Re Asbestos Cases" and a central filing system be maintained by the Clerk of Court for all common filings.

While the asbestosis cases in Barnwell County have been consolidated for pretrial purposes, the consolidation order does not have the effect of making opinions in other cases binding on defendants not parties therto.[6] The consolidation in *Caines* appears to have been an administrative consolidation motivated by convenience and judicial economy. See *Farmers' & Merchants' Nat. Bank v. Foster*, 132 S. C. 410, 129 S. E. 629 (1925). The determination of the circuit court in *Caines* is not *res judicata* on the issue of whether North Brothers is transacting business or owns property in Barnwell County, since a plea of *res judicata* is only available against persons who either were parties to the prior judgment on the merits or in privity with such parties. See *Morris v. Gressette*, 425 F. Supp. 331 (D. S. C. 1976), *aff'd* 432 U. S. 491, 97 S. Ct. 2411, 53 L. Ed. 2d 506 (1977). Covil cannot be affected by a court proceeding in which it was not a party, and in which it had no opportunity to be heard. *Walker v. Williams*, 212 S. C. 32, 46 S. E. (2d) 249 (1948).

Although the trial judge in his order took judicial notice of the evidence presented in the *Caines* case, he did not place any such evidence in the record of the instant case. Likewise, the transcript of record on the present appeal is entirely void, by way of stipulation or otherwise, of such evidence from *Caines*. Under these circumstances, this court may not properly consider material evidence found in the record of another case. 4A C. J. S. *Appeal and Error* § 1212 (1957); 31 C. J. S. *Evidence* § 50(1) (1964); see also *Young v. Martin*, 254 S. C. 50, 173 S. E. (2d) 361 (1970).

---

6 Covil states that it was not a party to the *Caines* suit. This fact is confirmed by an inspection of the documents filed on appeal to this court in that case.

As Covil was transacting no business and owned no property within Barnwell County at the commencement of this action, and since there was insufficient evidence to demonstrate that any of the foreign corporate defendants owns property within that county, on the basis of Section 15-7-30, venue is proper only in Greenville County. The order of the lower court is therefore reversed and the case remanded for transfer to the Court of Common Pleas of Greenville County.

Reversed and remanded.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., disqualified.