22149

Laverne STEWART, A Minor by Her Guardian ad Litem, Vernelle STEW-ART, Respondent, v. James V. NICHOLS, Jr. and Ben Arnold Company, Inc., Defendants, of whom Ben Arnold Company, Inc., is Appellant. Appeal of BEN ARNOLD COMPANY, INC., Jennie Lee SPEAKS, Respondent, v. JAMES V. NICHOLS, Jr. and Ben Arnold Company, Inc., Defendants, of whom Ben Arnold Company, Inc., is Appellant. Appeal of BEN ARNOLD COMPANY, INC. Latoyia SPEAKS, A Minor by Her Guardian ad Litem, Jennie Lee SPEAKS, Respondent, v. James V. NIC-HOLS, Jr. and Ben Arnold Company, Inc., Defendants, of whom Ben

Arnold Company, Inc., is Appellant. Appeal of BEN ARNOLD COM-
PANY, INC. Vernelle STEWART, Respondent, v. James V. NICHOLS, Jr.
and Ben Arnold Company, Inc., Defendants, of whom Ben Arnold Com-
pany, Inc. is Appellant. Appeal of BEN ARNOLD COMPANY, INC.

(318 S. E. (2d) 369)

Supreme Court

*Brad J. Waring* and *Deborah K. Lewis, Young, Clement,
Rivers & Tisdale,* Charleston, *for appellant.*

*Colden R. Battey, Jr., Harvey Battey & Mikell,* Beaufort, *for
plaintiffs-respondents.*

Submitted, March 20, 1984.

Decided Aug. 1, 1984.

NESS, Justice:

This is an appeal stemming from a negligence action
instituted by respondents, Laverne Stewart, et al.,
against appellant, Ben Arnold Company, Inc. Ap-
pellant contends the trial court erred in denying its request
for change of venue, claiming its dealings with various local
liquor stores did not constitute a property interest sufficient
to establish venue in Beaufort County. We agree, and reverse
and remand.

In November, 1980 appellant's employee, Nichols, was involved in an automobile accident with respondents, who, in July 1981, commenced this negligence action in Beaufort County. Subsequently, appellant, a wholesale liquor supplier with its principal place of business in Richland County, moved for a change of venue, arguing it owned no property in Beaufort County. In response to this motion, respondents submitted the affidavits of the owners and operators of seven local liquor stores serviced by appellant for periods ranging from eighteen months to in excess of four years. These affidavits indicated that: (1) each of the seven stores contracted for at least 50% of its stock from appellant; and (2) appellant maintained an agent in Beaufort County for at least three days per week to service these contracts.

Appellant asserts its business dealings with these liquor stores did not amount to a property interest sufficient to establish venue in Beaufort County. We agree.

S. C. Code Ann. § 15-7-30 (1976), as construed by this Court in *Lucas v. Atlantic Greyhound Federal Credit Union,* 268 S. C. 30, 231 S. E. (2d) 302 (1977) and *In Re Asbestosis Cases,* 276 S. C. 579, 281 S. E. (2d) 112 (1981), dictates that a domestic corporation be sued in either: (1) the county where its principal place of business is located; or (2) [a] county where [it] . . . maintains an office and agent for the transaction of business." 276 S. C. at 585. We hold this Code section, as applied to the present facts, requires a change of venue from Beaufort County to Richland County, the location of appellant's principal place of business.

While "[i]t is well-settled in this state that contract rights are property rights for venue purposes," the property interest evidenced by the contract must be both substantial and continuous, where a showing of property is based solely on contractual rights. 276 S. C. at 585. We find the orders solicited in Beaufort County constitute separate and distinct transactions, as neither party to these transactions is obligated to continue this business relationship, and hold they do not provide a sufficient basis for the establishment of venue in Beaufort County.

Reversed and remanded.

LITTLEJOHN, C. J., and HARWELL, J., concur.

J. WOODROW LEWIS, Acting Associate Justice:

I would affirm the judgment and, therefore, dissent. I agree with the trial judge that appellant transacts business and maintains agents in Beaufort County so as to subject it to jurisdiction in that county.

In *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25 (1938), the Court stated the long settled principle that a "domestic corporation is a resident in any county in the State where it maintains an agent and conducts business, and suit may be brought against it in any such county." *See also: Lucas v. Atlantic Greyhound Federal Credit Union,* 268 S. C. 30, 231 S. E. (2d) 302 (1977); *Atkinson v. Korn Industries, Inc.,* 219 S. C. 402, 65 S. E. (2d)465 (1951).

It is clear that appellant transacts business in Beaufort County. The real issue in the case is whether appellant *maintains agents* for the transaction of such business in the county.

The record established that agents of appellant have been physically present in Beaufort County for about three (3) days each week for at least four (4) years. While they do not reside in the County, these agents are engaged in a permanent and continuous operation for appellant. The practice followed was for the agents to advise the store owners of various discounts on merchandise and to obtain orders from them with deliveries made about two days later. Upon delivery of the merchandise, a receipt for the purchases is signed and payment is made.

The business done by appellant in Beaufort County is substantial; one estimate is that the total annual sales in the County are in excess of $1,000,000 and represent approximately fifty per cent of the total sales of the merchants served by appellant. It is inferable that the nature of appellant's business in Beaufort County requires a continuous service to the merchants by either resident agents or itinerant agents permanently committed to appellant's business in the County.

The fact that appellant elects to continuously service its substantial business transactions in the county through itinerant instead of resident agents is not conclusive of the issue. Where appellant's business transactions are continuous and permanent in nature and can only be carried on through the presence of agents in the county, it may be properly held that

the agents are maintained in the county for purposes of determining venue.

I would affirm the judgment.

GREGORY, J., concurs.