22667

THOMAS & HOWARD COMPANY, INC., Respondent v. WETTERAU IN-
CORPORATED, John H. Lloyd and R. David Williamson, Appellants.
(353 S. E. (2d) 141)

Supreme Court

*G. Dana Sinkler*, of *Sinkler, Gibbs & Simons*, Charleston, and *W. Joseph Isaacs*, Columbia, *for appellants.*

*Hamilton Osborne, Jr.*, and *James H. Lengel*, both of *Boyd, Knowlton, Tate & Finley*, Columbia, *for respondent.*

Heard Dec. 10, 1986.

Decided Feb. 2, 1987.

NESS, Chief Justice:

This is an appeal from an order granting a temporary injunction and denying a motion for change of venue. At oral argument, appellants abandoned all issues relating to the temporary injunction, leaving venue as the only matter before the Court. We affirm.

Appellants Lloyd and Williamson were employed by respondent Thomas & Howard, a grocery wholesaler, in managerial postions. Appellant Wetterau hired Lloyd and Williamson, and subsequently hired several other key Thomas & Howard employees. Wetterau successfully solicited a number of Thomas & Howard's former customers, most of whom had established a business relationship with Lloyd or Williamson during their employment with Thomas & Howard.

Thomas & Howard brought an action in Richland County against Wetterau, Lloyd and Williamson seeking to enjoin solicitation of Thomas & Howard's customers and other relief. Appellants moved to change venue, alleging none of the appellants resided in Richland County. The trial judge denied the motion for change of venue, finding that both Wetterau and Williamson were residents of Richland County for venue purposes. He granted the temporary injunction. The injunction was partially superseded by this Court pending disposition of this appeal.

Appellants assert the trial judge erred in finding that Wetterau was a resident of Richland County for venue purposes.

A civil action may be tried in any county in which one or more of the defendants reside at the time of commencement of the action. S. C. Code Ann. Section 15-7-30 (1976). For venue purposes, a corporate defendant is deemed to reside in any county where the corporation owns property and transacts business. *In Re: Asbestosis Cases*, 274 S. C. 421, 266 S. E. (2d) 773 (1980). Contract rights may be property rights for purposes of venue; however, where the corporation's property rights are based solely on contract rights, the property right evidenced by the contract must be both substantial and continuous. *Stewart v. Nichols*, 282 S. C. 402, 318 S. E. (2d) 369 (1984).

Wetterau is a grocery wholesaler. It is a Missouri corporation, licensed to do business in South Carolina. Its principal place of business is in Charleston County, but it conducts business throughout the State. Wetterau has contracts with approximately 70 national vendors to supply the vendors' products to retail outlets in South Carolina. Nine of the retail outlets are in Richland County, and they account for approximately five percent of Wetterau's South Carolina business. The contracts between Wetterau and the national vendors for sales in South Carolina (and in Richland County) are terminable by either party on thirty (30) to sixty (60) days notice, and are subject to renegotiation within the same time period.

We agree with the trial judge that Wetterau's contracts in Richland County were substantial and continuous, so as to constitute a property interest for venue purposes. The case of *Stewart v. Nichols, supra*, relied upon by appellants, is easily distinguished. In *Stewart*, there was no showing that the sales contracts were for any fixed duration, or what portion of the corporation's business occurred in the forum county. Here, Wetterau had contractual obligations which required its continued operation in Richland County. In addition, the contractual obligations in Richland County constitute more than a marginal percentage of Wetterau's business. Venue was appropriate in Richland County.

Appellants also assert the trial judge erred in finding Williamson was a Richland County resident when the action was commenced. Since we have held that venue was proper

in Richland County based on Wetterau's residency, it is unnecessary for us to address this issue.

The order of the trial judge is

Affirmed.

GREGORY, CHANDLER, and FINNEY, JJ., concur.

HARWELL, J., not participating.