THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas Dewey
 Wise and Island Preservation Company, Limited Partnership, a South Carolina
 Limited Partnership, Appellants,
 
 
 

v.

 
 
 
 South Fenwick, LLC and Lavington Associates, LLC, Respondents
 
 
 

Appeal From Colleton County
Marvin D. Infinger, Special Referee

Unpublished Opinion No. 2008-UP-314
Submitted June 2, 2008  Filed June 25,
2008    

AFFIRMED

 
 
 
 David K. Haller, of Charleston, for Appellants.
 Richard L. Tapp, Jr., and Stephen P. Groves, of Charleston, for
 Respondents.
 
 
 

PER CURIAM:  Thomas
 Dewey Wise and Island Preservation Company[1] (collectively referred to as Wise) appeal from the special referees
 determination that:  (1) an unpaved pathway running along the north-south
 corridor of the west side of South Fenwick Island (referred to as the Main
 Road) was impliedly dedicated to the public or a neighborhood road; (2) Wise
 does not possess a prescriptive easement over any portion of the Main Road; (3)
 Wise does not possess a prescriptive easement or an easement by necessity
 across Tract 19 on what is referred to as the Spur Road; and (5) Wise can
 access his landlocked property on Tract 3 from a relocated way.  We affirm.[2] 
FACTS
South Fenwick Island is a remote island of approximately 500 acres
 located in Colleton County.  The Island has no paved roads or public utilities
 and is accessible only by boat.  Until the 1960s, several families lived on the
 Island, where they cultivated crops and raised livestock.  A church and a
 public school were located adjacent to the Main Road.  Since 1960, portions of
 the Island have been sold, and today it is used primarily for hunting and
 fishing.  Although no one currently lives on the Island, some of the
 original owners still have property on the Island that they visit
 periodically.  
In 1984, Wise began purchasing property on the Island including
 Tract 10 on the south and center sections and Tract 3 on the north end.  Wise
 currently owns Tracts 1, 3, 4, 10, and 21.  He keeps farm equipment, trucks,
 and three-wheel vehicles on the Island, but does not have a residence there.  In
 1996, South Fenwick and Lavington Associates (collectively referred to as
 South Fenwick) purchased Tract 15 on the south end and subsequently purchased
 Tracts 18, 19, and 20 on the north end.  David Maybank, Jr., who manages the
 property held by South Fenwick, testified that Wise erected a gate in 2004 that
 blocked the Main Road and told Maybank to stop using that section of the Main Road.  
Wise and his witnesses testified that from
 1985 to 1997 they accessed the east side of Tract 1 by crossing Tracts 2, 19,
 and 4.  After Wise purchased Tract 4 in 1997, they continued to cross Tracts 2
 and 19 without seeking permission from the owners.  Wise testified there were
 no issues until South Fenwick purchased Tract 19 in March 2005 and erected a
 fence that blocked Wises preferred access to his property on Tract 1 along a
 pathway referred to as Spur Road.[3] 
 Wise erected a barrier across the Main Road at Tract 21 precluding South
 Fenwicks use of the road to access its Tracts 18, 19, and 20.  
Wise brought this action against South Fenwick seeking a
 determination that he had acquired:  (1) a prescriptive easement over the Main Road and (2) a prescriptive easement or, alternatively, an easement by necessity over
 Tract 19 to access his property on Tracts 1 and 3.  South Fenwick
 counterclaimed, asserting the Main Road had been impliedly dedicated to the
 property or was a neighborhood road allowing general use by the public.  In
 addition, it denied Wises right to an easement over Tract 19.[4]  Wise replied and did not assert any
 affirmative defenses to South Fenwicks counterclaims.  
With the parties consent, the circuit court appointed Marvin
 Infinger as special referee.  The referee held:  (1) the Main Road had been
 impliedly dedicated to the public; (2) the Main Road was a public road under
 the doctrine of neighborhood road; (3) Wise did not have a prescriptive
 easement over the Main Road; (4) Wise must immediately remove obstructions he
 placed on the Main Road; (5) Wise did not possess a prescriptive easement or
 easement by necessity on the Spur Road (6) Wise was entitled to an easement by
 necessity running between Tracts 4 & 3 and across Tract 19, fifteen feet
 wide by twenty feet long.  Subsequently, both parties filed motions to alter or
 amend the final order.  On April 20, 2007, the referee denied Wises post-trial
 motions and granted South Fenwicks motion, clarifying that Wise was not
 allowed to block the Community Road.  Wises appeal followed.  
STANDARD OF REVIEW
The
 determination of the existence of an easement is a question of fact in an action
 at law.  Hardy v. Aiken, 369 S.C. 160, 165, 631 S.E.2d 539, 541 (2006).  However,
 the determination of the scope of the easement is a question in equity.  Id.  The determination of whether a road has been dedicated to public use is one in equity.  Vick v.
 S.C. Dept of Transp., 347 S.C. 470, 477, 556 S.E.2d 693, 697 (Ct. App.
 2001).  
In
 an action at law, on appeal of a case tried without a jury, the findings of
 fact of the judge will not be disturbed upon appeal unless found to be without
 evidence which reasonably supports the judges findings.  Townes Assocs.,
 Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  In an action in equity, this court may view the facts
 in accordance with our preponderance of the evidence.  Tiger, Inc. v. Fisher
 Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).  However, we
 should not disregard the findings of the special referee, who was in a better
 position to weigh the credibility of witnesses.  Id.
LAW/ANALYSIS
I.  Main Road 
A.  Indispensable
 Parties
Wise
 argues the referee erred in determining the Main Road is a dedicated public or
 neighborhood road without first requiring South Fenwick to add Colleton County and all owners of property or easements adjacent to the Main Road as
 indispensable parties.  We find this issue is not properly before the court.
The defense
 of failure to join indispensable parties is waived if not raised at trial.  Kiriakides v. Atlas Food Sys.
 & Serv., 343 S.C. 587, 596, 541 S.E.2d 257, 262 (2001) (citing Rule
 12(h)(2), SCRCP).  Wise brought this action seeking a declaration of his rights
 to the Community Road.  As the complaining party, Wise named only South Fenwick and Lavington Associates as defendants.  In responding to South Fenwicks
 counterclaims seeking a determination that the Main Road had been dedicated to
 the public, Wise failed to plead the affirmative defense of failure to join
 indispensable parties pursuant to 12(b)(7), South Carolina Rules of Civil Procedure. 
 There is no indication in the record that the issue of the failure to add
 indispensable parties was tried by consent.  Wises attorney questioned
 whether Maybank represented Colleton County and asserted Maybank did not have
 standing or the right to accept a road on behalf of Colleton County.  However, Wise never asserted the action must fail due to the failure to add Colleton County as a party.  As the special referee
 noted in his order on the post-trial motions, [t]he issue of whether
 indispensable parties should be added was not raised by either party. 
 Instead, Wise raised the issue of the failure to add all of the neighboring
 landowners for the first time in his motion to alter or amend.  A party cannot
 use a motion to reconsider, alter or amend a judgment to present an issue that
 could have been raised prior to the judgment but was not.  Patterson v. Reid, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct.App.1995).  Accordingly,
 we find the issue of failure to join alleged indispensable parties is not
 preserved for this courts review.  
B.  Implied
 dedication
Wise
 argues the referee erred in determining the Main Road had been impliedly
 dedicated to the public many decades earlier.  Specifically, Wise states there
 is scant evidence of intent to dedicate the road to the public and no
 evidence of the publics acceptance of the implied dedication.  We disagree.
The
 party seeking to establish dedication must prove two elements:  (1) the owner
 must express in a positive and an unmistakable manner the intention to dedicate
 his property to public use, and (2) there must be, within a reasonable time, an
 express or implied public acceptance of the property offered for dedication.  Tupper
 v. Dorchester County, 326 S.C. 318, 326, 487 S.E.2d 187, 191-92 (1997).  Intent
 to dedicate may be implied from long public use of the land to which the owner
 acquiesces.  Hoogenboom v. City of Beaufort, 315 S.C. 306, 317, 433 S.E.2d
 875, 883 (Ct. App. 1992).  No formal acceptance by the public of an offer of
 dedication is necessary, and acceptance of the offer may be implied in various
 ways, including a showing of public use.  Van Blarcum v. City of N. Myrtle Beach, 337 S.C. 446, 451, 523 S.E.2d 486, 489 (Ct. App. 1999).  Proof of
 dedication must be strict, cogent, and convincing.  Tupper, 326 S.C. at
 326, 487 S.E.2d at 192.  
The Main Road appeared on government maps and charts as early as 1919.  Arthur Buster Whaley,
 who was born on the Island in 1925 and lived there until 1965, testified in a
 deposition in another case that his family had owned property on the Island.  Whaley had inherited Tracts 7, 14, and 21; however, by 2003, he owned only Tract
 7.  Whaley stated about sixteen families lived on the Island during the 1940s. 
 According to Whaley, a road ran from the cut at the north end straight through
 the plantation, and families used this road to walk to church, to visit each
 other, and to drive horse-drawn carts from the landing to their homes.  Whaley said the residents of the Island maintained the Main Road.  Whaley added
 that each family had its own wagon and it was not necessary for them to obtain
 permission to travel on the Main Road.  Everyone simply used the road.  Whaley
 stated that neither he nor Wise ever prohibited the other from using sections
 of the Main Road.  
Kenneth
 Hodges, a fifty-five-year-old Baptist minister, testified his great-great
 grandfather, Dave Smalls, once owned most of the Island.  Although Hodgess
 family now owns only a small parcel, he visited the Island several times a
 year.  Hodges stated Island residents used the Main Road to reach the school,
 the church, and their individual properties.  According to Hodges, The
 properties are still there so the need [for the road] is still there.  
In
 1980, Willie Hopkins sold Tract 19 to Wises predecessors in title.  In a 1995
 affidavit, Hopkins stated: [T]here was a path wide enough for two ox carts to
 pass (about 20 feet) that was used by my family and neighbors to the east to
 get back and forth to the government cut.  We all used it and considered it a
 path for all persons.  
On
 October 30, 2002, Wise filed an action seeking a declaration that he was
 entitled to use the Main Road based upon the legal theory that the Main Road was a thoroughfare available to all property owners.[5] 
 In that action, Wises complaint asserted: 

 Their
 (sic) exists and has existed for well over 50 years, a dirt road running
 parallel to the Ashepoo River in a generally north to south orientation along
 most of the island.  The purpose of this road was to allow property owners to
 travel across the island.  Many former residents of the island including the
 Defendant Whaley, the Plaintiffs and their predecessors in title owned property
 on the island and used the road.  There was at one time located on South Fenwick Island both a school and a church.  Both were located adjacent to the road in
 question and the road in question was a common thoroughfare used by all to
 travel to the school and to the church and to visit their properties. 

We
 find the evidence supports the referees decision that South Fenwick had
 established an implied dedication of the Main Road.  The record is replete with
 evidence that the Main Road had been used for over fifty years by the residents
 and property owners of the Island as they traveled over the Island to go to the
 school, church, and each others residents, and to haul supplies from the main
 land to their homes.  This long-term use to which the owners of the property
 acquiesced establishes an intent to dedicate.  Similarly, the long-term use
 along with the residents maintenance of the road establishes an acceptance of
 the dedication by the public.  
C. 
 Neighborhood Road
As we find the Main Road was impliedly dedicated to the public, we need not address the doctrine of
 neighborhood road.  
D. 
 Abandonment
Wise
 additionally contends the referee erred in failing to find Main Road had been
 abandoned.  We disagree.
The
 supreme court found an unmaintained road that became public by dedication or
 through prescriptive or long-established use had not been abandoned because no
 interested person had instituted an action under the statutory process to
 effect an abandonment of the road.  It held, The circuit court correctly
 concluded [the] Road remains publicly accessible because no formal action has
 been instituted to abandon it pursuant to [statute[6]].
  S.C. Dept of Transp. v. Hinson Family Holdings, LLC, 361 S.C. 649,
 655-56, 606 S.E.2d 781, 785 (2004).  In this case, there has been no action to
 abandon the Main Road.  We find the evidence supports the
 referees conclusion that the Main Road had not been abandoned. 
E. 
 Prescriptive easement
Wise
 asserts the referee erred in failing to rule Wise had obtained a prescriptive
 easement over the Main Road.  
We
 disagree.  This court held a plaintiff did not establish a private right under
 a prescriptive easement because he failed to produce evidence that his use was
 exclusive and was different from the right which could be asserted by members
 of the general public.  Cleland v. Westvaco, 314 S.C. 508, 511, 431
 S.E.2d 264, 266 (Ct. App. 1993).  As stated above, the Main Road had been
 dedicated to general public use.  Wises right to use the Main Road was no
 different than the publics right.  Accordingly, we affirm the referees
 determination that Wise does not have a prescriptive easement.
II.  Spur Road
A. 
 Prescriptive easement
Wise
 argues the referee erred in holding he did not hold a prescriptive easement
 over Tract 19 to access the eastern section of Tract 1 from the Main Road on
 what is called the Spur Road.  We disagree.  
In
 order to establish a prescriptive easement, a party must prove:  

  (1)
 continued use for 20 years, (2) the identity of the thing enjoyed, and (3) use
 which is either adverse or under a claim of right.  When the claimant has
 established that the use was open, notorious, continuous, and uninterrupted,
 the use will be presumed to have been adverse.  

Boyd v. Bellsouth Tel. Tel.
 Co., 369 S.C. 410, 419-20, 633 S.E.2d
 136, 141 (2006).  
Wise
 purchased Tract 1 in 1985 and contends he created the Spur Road, which crosses
 Tracts 2, 19, and 4, to avoid the marsh when traveling from the Main Road to the eastern side of Tract 1.  
While
 Wise and his witnesses claimed they had used the Spur Road since Wise created
 it in 1984 or 1985, several witnesses testified the Spur Road had not existed
 until more recently.  Kenneth Hodges testified his family owned Tract 2 for
 generations and there was not a bush-hogged road across it since 1984 or 1985. 
 Similarly, Harold Rourk, who owned Tract 4 from 1979 to 1996, testified he had
 never seen bush hogging across his property.  Regarding the Spur Road, Rourk
 testified: Is that road supposed to be on the property that I owned?  Ive
 never seen that road before.  Rourk additionally testified, That was my
 property.  I would notice if somebody had been on it.  Robert Frank, who
 surveyed Tract 4 in 1995, stated he never saw the manmade Spur Road that is in
 dispute.  
The
 referee held that in order for Wise to claim a prescriptive easement, his use
 of the road must be open and notorious.  Considering the above testimony, the
 referee held the claimed pathway was not sufficiently visible and open to place
 South Fenwick on notice that its property was being invaded by Wise and thus
 Wise had acquired no right by prescription.  
Wise
 does not claim he did not have to establish his use was open and notorious. 
 Rather, he challenges the credibility of the above witnesses.  However, the
 credibility of testimony is a matter for the finder of fact to judge.  Credibility
 determinations regarding testimony are a matter for the finder of fact, who has
 the opportunity to observe the witnesses, and those determinations are entitled
 to great deference on appeal.  Okatie River, L.L.C. v.
 Southeastern Site Prep, L.L.C., 353 S.C. 327, 338, 557 S.E.2d 468, 474 (Ct.
 App. 2003).  Wise also takes issue with South Fenwicks failure to call Harry
 Turner, the former owner of Tract 19, as a witness.  It is a well settled rule
 that if a party knows of the existence of an available witness on a material
 issue and such witness is within his control and if without satisfactory
 explanation he fails to call him, the jury may draw the inference that the
 testimony of the witness would not have been favorable to such party.  Duckworth
 v. First National Bank, 254 S.C. 563, 577, 176 S.E.2d 297, 304 (1970).  However,
 this rule only applies when the witness is in the control of the party and is
 available.  Id.  Here, there is no evidence Harry Turner was in the
 control of South Fenwick.  Therefore, no inference concerning his testimony
 could be drawn.  
Wise asserts his
 and his witnesses testimony concerning the use of Tract 19 was uncontradicted
 because the South Fenwicks witnesses only testified about the lack of
 visibility of the Spur Road on the other tracts rather than on Tract 19.  We
 find it reasonable for the referee to find Wises use of Tract 19 was no more
 open and notorious than it was on the other tracts along which the Spur Road ran.  Furthermore, the fact that testimony is not contradicted directly does not
 render it undisputed. Okatie River, 353 S.C. at 338, 557 S.E.2d
 at 474.
We
 find the record supports the referees finding that Wises use of the Spur Road was not open and notorious.  Therefore, we must affirm his ruling that Wises
 claim for a prescriptive easement fails.  
B. 
 Easement by necessity
Wise
 argues the referee erred in holding he did not possess and easement by
 necessity over Tract 19.  We disagree.  
The
 party asserting the right of an easement by necessity must demonstrate:  (1)
 unity of title, (2) severance of title, and (3) necessity.  Kennedy v.
 Bedenbaugh, 352 S.C. 56, 60, 572 S.E.2d 452, 454 (2002).

 Only reasonable necessity is
 required; thus, the easement must be more than merely convenient, but it does
 not need to be absolutely essential.  However, the whole point of the easement
 by necessity doctrine is to ensure that landlocked parcels have access to a public
 road . . . .  The doctrine only provides reasonable access to the dominant estate when there is
 none; it does not provide a means for ensuring a preferred method of access to
 a particular portion of a tract when access to the tract is otherwise
 available.

Morrow v. Dyches, 328 S.C. 522, 529, 492 S.E.2d 420, 424 (Ct. App. 1997)
 (internal citations omitted).  

 The
 Special Referee held: 
 
 Reasonable
 access exists to Tract 1 via the [Main Road] to the western high land portion
 of Tract 1.  This being the case, additional access over Tract 19 to the
 eastern portion of Tract 1 would be tantamount to providing [Wise] a means for
 ensuring a preferred method of access to a particular portion of a tract when
 access to the tract is otherwise available. [quoting Morrow, 328 S.C.
 at 529, 492 S.E.2d at 424.]  Hence, imposition of a way by necessity can not be
 justified, as a matter of law.  
 

Wise did not
 challenge this ruling.  Accordingly, it is the law of the case.  See Charleston
 Lumber Co. v. Miller Housing Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871
 (2000) (finding that an unappealed ruling, right or wrong, is the law of the
 case and requires affirmance).
In addition, the
 referee found that the evidence respecting a total breach of Tract 4 is
 unclear, and a total, or at least essentially a total breach was essential for
 Wises claim.  
Although
 a sketch of the property prepared by Jerry L. Fowler for Wise in 2006 shows the
 marsh crossing Tract 4 into Tract 19, a 1995 boundary survey of Tract 4
 prepared by Robert Frank for Clarence H. Rourk, Jr. shows the critical area
 protruding into Tract 4 but not completely crossing it.  Similarly, a composite
 sketch of the Island by Robert Frank Surveying shows the marsh protruding into
 Tract 4 but also not obstructing it completely.  
Furthermore,
 in a letter Wise wrote prior to his purchase of Tract 4, he stated, Attached
 to this fax will be found the most recent version of Colleton County Tax Map
 Number 345.  Looking at the tax map, it is apparent that the marsh area of my
 property does not intrude on the strip of land for Lot No. 4 which is contrary
 to what is reflected on the Robert Frank survey.  
We find evidence in
 the record supporting the referees determination that Wise had not established
 entitlement to an easement by necessity over the Spur Road to the eastern
 portion of Tract 1.  Considering our limited standard of review, we find no
 error in this ruling.  
III.  Easement of necessity
 to access Tract 3 
Wise
 additionally contends the referee erred in relocating an easement to provide
 access to his Tract 3. We disagree.  
A
 court using its equity powers may relocate an easement when the relocation will
 not (a) significantly lessen the utility of the easement, (b) increase the
 burdens on the owner of the easement in its use and enjoyment, or (c) frustrate
 the purpose for which the easement was created.  Goodwin v. Johnson,
 357 S.C. 49, 53, 591 S.E.2d 34, 36 (Ct.App.2003) (quoting Restatement (Third)
 of Property:  Servitudes § 4.8 (2000)).
The
 relocated easement is approximately fifteen feet wide by twenty feet long,
 providing access to Tract 3 from Tract 4 by crossing Tract 19.  The
 referees placement of the easement properly balances Wises need to reach
 landlocked Tract 3 from Tract 4 with the resulting burden placed on South Fenwicks servient estate.  We find the referee did not err in his placement
 of the easement.
CONCLUSION
For
 the foregoing reasons, the order of the special referee is 
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ. concur.  

[1] Island Preservation Company is a family limited
partnership.  Wise is the general partner.  
[2] We decide this case without oral argument pursuant to
Rule 215, SCACR.
[3] The Spur
 Road runs from the Main Road at Tract 2, across Tracts 19 and 4, to Tract 1; an offshoot of the Spur Road runs from Tract 4, across Tract 19, to Tract 3.  
[4] On
 June 6, 2006, the court granted Wises request for a temporary injunction and
 directed South Fenwick to allow Wise access over Tract 19 until their dispute
 was resolved.  Subsequently, the court
 amended the injunction to state its findings of fact and conclusions of law
 related only to the grant of a temporary injunction and were not binding on the
courts subsequent consideration of the issues between the parties.  
[5] On appeal, Wise contends the referee erred in holding
 he was bound by admissions made in his pleading from another case.  The referee
 specifically stated he did not apply the doctrine of judicial estoppel.  We
 find the referee properly admitted the excerpt, offered without objection, as
 an admission by a party opponent, pursuant to Rule 801(d)(2)(A), South Carolina
 Rules of Evidence.  See Young v. Martin, 254 S.C. 50, 58, 173
 S.E.2d 361, 365 (1970) (It is well established that an admission contained in
 a pleading in one action may be received in evidence against the pleader on the
 trial of another action, even though the former action involved a stranger to
 the subsequent one.) 
[6] S.C. Code Ann. 57-9-10 to -20 (2006).